## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-CA-01314-SCT

*PAUL JONES, A MINOR, BY HIS NEXT FRIEND AND MOTHER MAMIE B. JONES*

*v.*

*MISSISSIPPI SCHOOL FOR THE BLIND*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/24/1998 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | GUY N. ROGERS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JIM FRAISER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 04/06/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/27/2000 |

**BEFORE PRATHER, C.J., MILLS AND COBB, JJ.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. On January 16, 1997, Paul Jones, ("Jones") a student at the Mississippi School for the Blind ("the School"), was injured in a wheelchair accident on school premises. On January 14, 1998, Jones submitted a notice of claim to Dr. Richard Boyd, Interim State Superintendent of Education, setting forth the relevant details of the accident and seeking damages for the alleged negligence of school employees. On April 1, 1998, Jones filed a negligence suit for damages against the School in the Circuit Court of the First Judicial District of Hinds County. On July 24, 1998, the circuit judge dismissed Jones' lawsuit, based on his failure to comply strictly with the notice requirements of the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 et seq. (Supp. 1999). Jones timely appealed to this Court:

### ISSUES

**I. Whether the trial court erred as a matter of law in dismissing the case based upon its interpretation of Section 11-46-11 that Appellant did not strictly comply with the notice of claim statute.**

**II. Whether the trial court erred as a matter of law in its finding that the notice of claim was wrongly filed with the Mississippi Department of Education instead of the Mississippi School for the Blind as defined in Mississippi Code Ann. Section 11-46-1.**

¶2. The present appeal is an uncontested one, given that the School has filed a motion confessing Jones' appeal. The School states in its motion that:

> Appellees wish to confess Appellants' appeal on the basis of recently decided cases which, although not cited by Appellant, defeat all of Appellee's arguments. Appellees admit that under applicable law, Appellant substantially complied with the notice statute.

The School correctly acknowledges that, subsequent to the trial court's ruling in the present case, this Court has issued holdings which indicate that Jones did in fact substantially comply with the notice provisions of the Tort Claims Act.

¶3. In interpreting the provisions of the Mississippi Tort Claims Act, this Court has recently adopted a substantial compliance standard, holding that "[w]hen the simple requirements of the Act have been substantially complied with, jurisdiction will attach for the purposes of the Act." *Reaves ex rel. Rouse v. Randall*, 729 So.2d 1237, 1240 (Miss. 1998). *See also: Carr v. Town of Shubuta*, 733 So.2d 261 (Miss.1999), *overruling in part City of Jackson v. Lumpkin*, 697 So.2d 1179, 1182 (Miss.1997) and *Carpenter v. Dawson*, 701 So.2d 806, 808 (Miss.1997).

¶4. The first issue in the present appeal involves the Tort Claims Act's requirement that a plaintiff wait ninety days between providing notice of his claim and filing suit against a governmental entity. Specifically, Miss. Code Ann. § 11-46-11(1) (Supp. 1999) provides that:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

In *City of Pascagoula v. Tomlinson*, 741 So.2d 224 (Miss. 1999), this Court recently held that:

> the dismissal of a lawsuit based on a failure to comply with the waiting period is a disproportionate remedy and contrary to the purposes of the Legislature in enacting the Tort Claims Act.

> We conclude that the better approach is, instead, for a governmental entity to request that the trial court issue an order staying the lawsuit until such time as the entity has been given the benefit of the applicable waiting period. The trial courts of this State have the inherent authority to grant such stays, and we direct that such orders be granted as necessary to ensure that a governmental entity is given the benefit of the waiting period. In the event that the trial court finds the requirements of the waiting period to have been violated, the governmental entity should be permitted to recover any expenses (including court costs and attorney's fees) which it incurs in obtaining a stay of the proceedings. .... In cases in which no such stay is requested, however, the issue should properly be considered to have been waived.

*Tomlinson*, 741 So.2d at 228-29. Pursuant to *Tomlinson*, the School's sole remedy for Jones' failure to comply with the ninety-day waiting period was to file a motion to stay the lawsuit. The circuit judge accordingly erred in dismissing the present lawsuit based on Jones' failure to comply strictly with the ninety-day waiting period.

¶5. The circuit judge also found that Jones had failed to send his notice of claim to the proper party. The circuit judge wrote in his ruling that:

> The Court further finds that the notice of claim was sent to the Executive Director of the Mississippi Department of Education, but that the suit was filed against one of its branches, the Mississippi School for the Blind, and that filing notice with one governmental entity, as entities are defined by Miss. Code Ann. § 11-46-1 (Supp. 1997), and then filing suit against another does not strictly comply with the mandatory, jurisdictional requirements of § 11-46-11.

The language of the trial court's ruling clearly indicates that he was applying the "strict compliance" standard which prevailed prior to *Reaves*. As noted *supra*, this Court in *Reaves* adopted a substantial compliance standard in interpreting the notice provisions of the Tort Claims Act, and the School acknowledges that the sending of the notice of claim to the State Superintendent substantially complied with § 11-46-11's requirement that Jones notify the "chief executive officer" of the governmental entity. The judgment of the trial court finding to the contrary is accordingly reversed and this case is remanded for further proceedings consistent with this opinion.

¶6. **REVERSED AND REMANDED.**

**PITTMAN AND BANKS, P.JJ., McRAE, SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR.**