# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-01258-SCT

*GLENNA F. JACKSON*

*v.*

*CITY OF BOONEVILLE, MAYOR WADE LAMBERT, THE BOARD OF ALDERMEN, CHARLES CALVERT, JOE EATON, WADE OAKS, DAVID BOLEN AND MITCH BARRETT*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/03/1998 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | PRENTISS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GREG E. BEARD |
| ATTORNEYS FOR APPELLEES: | WILTON V. BYARS, III |
| | J. KEITH PEARSON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 5/20/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/10/99 |

**BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. On November 26, 1996, Appellant Glenna F. Jackson paid her gas and water bill at 200 North College Street, Booneville, Prentiss County, Mississippi, the City of Booneville's place of business. While returning to her car in the city parking lot, Jackson slipped and fell on some loose gravel.

¶2. On April 2, 1997, Jackson filed her Complaint against the Appellees, City of Booneville, Mississippi, its Mayor and Board of Aldermen (hereinafter together as the "City Defendants"), alleging negligence. On April 17, 1997, process was served on the Mayor of Booneville and the Board of Aldermen. On April 23, 1997, the City Defendants filed their Answer asserting the affirmative defense of failure to comply with Miss. Code Ann. § 11-46-11 (Supp. 1998).

¶3. On March 30, 1998, the City Defendants filed a Motion for Summary Judgment asserting Jackson's failure to comply with Miss. Code Ann. § 11-46-11. Jackson filed a Response to that motion on April 13, 1998. A hearing was held before the Circuit Court of Prentiss County, Mississippi, the Honorable Barry

W. Ford presiding, on July 1, 1998, at which time the court ruled that it would grant the City Defendants' Motion for Summary Judgment. On July 29, 1998, the court entered its Findings of Fact and Conclusions of Law and also entered the Order Granting the City Defendants' motion.

¶4. Aggrieved, Jackson timely appealed to this Court asserting the following contentions:

**I. WHETHER JACKSON, IN REGARDS TO HER CLAIM AGAINST A MUNICIPALITY, COMPLIED WITH MISS. CODE ANN. § 11-46-11, WHEN THE MAYOR HAD BEEN PERSONALLY SERVED WITH THE NOTICE OF CLAIM AND THE COMPLAINT, BUT DID NOT OBJECT TO THE CONTENTS OF THE NOTICE UNTIL THE STATUTE OF LIMITATIONS HAD EXPIRED.**

**II. WHETHER THE CITY OF BOONEVILLE WAIVED ITS RIGHT TO OBJECT TO JACKSON'S IMPROPER NOTICE OF CLAIM.**

**III. WHETHER JACKSON TIMELY FILED AND PERFECTED HER CLAIM AGAINST THE CITY OF BOONEVILLE, WHEN THE ACCIDENT OCCURRED ON NOVEMBER 26, 1996, JACKSON FILED HER COMPLAINT ON APRIL 2, 1997, THE CITY OF BOONEVILLE FILED ITS ANSWER ON APRIL 23, 1997, AND JACKSON HAND DELIVERED A NOTICE OF CLAIM TO THE MAYOR OF THE CITY OF BOONEVILLE ON NOVEMBER 12, 1997.**

## STANDARD OF REVIEW

¶5. Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. To prevent summary judgment, the nonmoving party must establish a genuine issue of material fact by means allowable under the rule. *Richmond v. Benchmark Constr. Corp.*, 692 So.2d 60, 61 (Miss. 1997); *Lyle v. Mladinich*, 584 So.2d 397, 398 (Miss. 1991).

¶6. This Court employs a *de novo* standard in reviewing a lower court's grant of summary judgment. *Mississippi Ethics Comm'n v. Aseme*, 583 So.2d 955, 957 (Miss. 1991); *Cossitt v. Federated Guar. Mut. Ins. Co.*, 541 So.2d 436, 438 (Miss. 1989). Evidentiary matters are viewed in the light most favorable to the nonmoving party. *Palmer v. Biloxi Med. Ctr., Inc.*, 564 So.2d 1346, 1354 (Miss. 1990). If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed. *Richmond v. Benchmark Constr. Corp.*, 692 So.2d 60, 61 (Miss. 1997); *Brown v. Credit Ctr., Inc.*, 444 So.2d 358, 362 (Miss. 1984).

## LEGAL ANALYSIS

**I. WHETHER JACKSON, IN REGARDS TO HER CLAIM AGAINST A MUNICIPALITY, COMPLIED WITH MISS. CODE ANN. § 11-46-11, WHEN THE MAYOR HAD BEEN PERSONALLY SERVED WITH THE NOTICE OF CLAIM AND THE COMPLAINT, BUT DID NOT OBJECT TO THE CONTENTS OF THE NOTICE UNTIL THE STATUTE OF LIMITATIONS HAD EXPIRED.**

and

**II. WHETHER THE CITY OF BOONEVILLE WAIVED ITS RIGHT TO OBJECT TO**

**JACKSON'S IMPROPER NOTICE OF CLAIM.**

and

**III. WHETHER JACKSON TIMELY FILED AND PERFECTED HER CLAIM AGAINST THE CITY OF BOONEVILLE, WHEN THE ACCIDENT OCCURRED ON NOVEMBER 26, 1996, JACKSON FILED HER COMPLAINT ON APRIL 2, 1997, THE CITY OF BOONEVILLE FIELD ITS ANSWER ON APRIL 23, 1997, AND JACKSON HAND DELIVERED A NOTICE OF CLAIM TO THE MAYOR OF THE CITY OF BOONEVILLE ON NOVEMBER 12, 1997.**

¶7. In effect, all of Jackson's contentions of error argue substantial compliance with the notice of claim requirements of Miss. Code Ann. § 11-46-11 (Supp. 1998).[1] In contrast, the City rests upon the case of *Lumpkin v. City of Jackson*, 697 So.2d 1179 (Miss. 1997) (holding strict compliance is the standard for Section 11-46-11).

¶8. It is uncontested that these statutory requirements for notice were not strictly complied with in this case. In fact, Jackson filed a Notice of Claim on November 12, 1997, in an obvious effort to cure any problem with Section 11-46-11. *See* Miss. Code Ann. § 11-46-11(1) and (2) (Supp. 1998).[2] Thus, under *Lumpkin*, the trial court held that the City's Motion for Summary Judgment should be granted, because of Jackson's failure to comply strictly with the notice of claim requirements.

¶9. In fact, the trial court's opinion specifically cites *Lumpkin* as the basis of its grant of the summary judgment motion. However, since the trial court's order and the submission of the parties' briefs, this Court has overruled the *Lumpkin* rule of strict compliance. *Reaves v. Randall*, 1998 WL 909578 (Miss. Dec. 31, 1998); *Carr v. Town of Shubuta*, 1999 WL 62772 (Miss. Feb. 11, 1999). In *Reaves*, this Court held, as follows:

> The purpose of the Act is to insure that governmental boards, commissioners, and agencies are informed of claims against them. Such notice encourages entities to take corrective action as soon as possible when necessary; encourages pre-litigation settlement of claims; and encourages more responsibility by these agencies.
>
> ***
>
> In order to carry out the legislative purpose of providing relief to injured citizens, we hold that substantial compliance with the notice provisions of the Act is sufficient.

*Id*. at *4.

¶10. In *Carr*, this Court stated, as follows:

> Even though this Court now finds substantial compliance to be sufficient, we stress that substantial compliance is not the same as, nor a substitute for, non-compliance. The determination of substantial compliance is a legal, though fact-sensitive, question and is, therefore, necessarily decided on an *ad hoc* basis.

*Carr*, 1999 WL 62772, at *5.

¶11. The ultimate question is then whether Jackson substantially complied with the notice of claim requirements in accord with this Court's recent announcement in *Reaves* and *Carr*. In *Reaves*, the appellant counsel's letter of representation sufficed to meet the ninety (90) day notice of claim requirement, as follows:

On **February 27, 1996**, counsel for the appellant sent a letter to Dr. C.L. Stevenson, Superintendent of the Greenwood Municipal Separate School System, which read:

I have been retained by Rebecca Lou Rouse to represent her daughter, Ashley Renee Reaves, with regard to injuries and damages arising and growing out of a bicycle/motor vehicle **accident which occurred on 2/18/96** at approximately 1:30 p.m. on the grounds of Davis School. It would be greatly appreciated if you would have your insurance carrier contact me regarding adjustment of this claim. /s/ Preston Davis Rideout, Jr.

On April 15, 1996, the appellant received a letter from the claims adjuster, Stuart Chisolm, for Gallagher Bassett Services, Inc., on behalf of the Greenwood Municipal Separate School District. The adjuster requested an interview with the appellant. An interview was conducted on May 15, 1996, in which Chisolm had the opportunity to interview Reaves and Rouse. Through counsel on September 27, 1996, Reaves also answered interrogatories propounded by the school district. In preparation for trial, the depositions of several witnesses were taken including Reaves, Rouse, and Lancaster.

*Reaves*,1998 WL 909578, at *1 (emphasis added). Before any trial, the lower court granted summary judgment for failure to comply with the notice of claim requirements. *Id*.

¶12. In reversing the summary judgment, this Court carved out a substantial compliance exception to the Act, as follows:

[W]e find that Reaves substantially complied with the notice provisions of the Act. Her notice letter, sent to Superintendent Stevenson, lists the persons involved in the accident, when the accident occurred, where the accident occurred, and what vehicles were involved. Superintendent Stevenson is employed in an executive capacity by the school board and through this letter the board was put on notice of the claim. The board had a duty to inquire into the details of the claim.

*Id*. at *4.

¶13. In *Carr*, the facts state, in pertinent part, as follows:

Carr was injured when she slipped and fell on a public sidewalk in Shubuta, Mississippi, sustaining a broken and dislocated elbow requiring corrective surgery. Shortly after the incident a city police officer prepared an incident report which was turned in and submitted to the city clerk. On October 19, 1993, Carr signed a "Report of Public Liability" at the office of the city clerk. [FN1] This document, provided by the city, contained all the information required by the notice of claim provisions of § 11-46-11, except the amount of damages sought, although her injuries were described generally, i.e. dislocated elbow, chipped bone, pulled ligament, loose teeth, scratches, and broken glasses. The notice also gave the name of her primary physician. Her monetary damages were unknown at the time as her medical treatment was ongoing. Correspondence between the city and its insurer, the Mississippi Municipal Liability Plan MMLP, obtained during discovery, indicates that Carr

continued to inform the city of her condition. [FN2] It is uncontroverted that the mayor ultimately received notice of the accident and injury shortly afterward. There were numerous contacts, oral and written, between the MMLP adjuster and Carr and later Carr's counsel. A thorough investigation of the incident was promptly conducted by the city and the adjuster. The adjuster obtained copies of Carr's medical records through a release she timely executed in favor of the MMLP who by this time was acting on behalf of Shubuta and was actively engaged in settlement negotiations.

Settlement negotiations broke down, and on December 2, 1994, one year and ninety days after her fall, Carr filed the Circuit Court of Clarke County a personal injury lawsuit against the Town of Shubuta alleging that the town had failed to exercise ordinary and reasonable care in inspecting and maintaining the sidewalk. On December 1, 1994, her counsel had sent a letter to the city notifying same of his intent to file suit.

*Carr*, 1999 WL 62772, at *1 (footnotes omitted).

¶14. The trial court found that Carr had failed to strictly comply with the notice requirements and granted summary judgment. On appeal, our Court of Appeals, justifiably relying on previous opinions of this Court requiring strict compliance with the notice of claim provisions of the Act, affirmed the judgment of the trial court and denied the petition for rehearing. This Court granted certiorari on Carr's petition. *Id.*

¶15. Applying the substantial compliance standard of *Reaves*, this Court reversed because Carr and her attorney were dealing directly with the insurer until after the one year period for filing a notice of claim had expired. Moreover, there was no dispute that settlement negotiations were ongoing during this period. *Id.*

¶16. In the instant case, Jackson served the chief executive officer, the Mayor of Booneville, with a Complaint on April 2, 1997, and with a notice of claim on November 12, 1997. The Complaint and the Notice of Claim taken together as a whole outline each and every aspect required by Section 11-46-11. The notice of claim complies because it was served upon the chief executive officer, it states the amount of damages sought, and it alleges the extent of injury.

¶17. The City Defendants filed an Answer on May 1, 1997, denying the allegations therein and asserting defenses including a failure to comply with Section 11-46-11. The record reveals that no discovery was conducted as in *Reaves*, and no settlement negotiations were initiated as in *Carr*. However, Jackson points to the trial court's statement that in its opinion she "may have substantially complied with" the notice of claim requirements.

¶18. Finally, Jackson argues that the City Defendants waived their right to object to the sufficiency of the notice of claim, because it did not file its Motion for Summary Judgment until March 30, 1998, just a few days after the one year statute of limitations had run. However, this assertion is legally incorrect. Miss. Code Ann. § 11-46-11(3) (Supp. 1998), specifically states that "[a]ll actions brought . . . shall be commenced within one (1) year next after the date of tortious, wrongful, or otherwise actionable conduct on which the liability phase of the action is based . . ." *See Chamberlin v. City of Hernando*, 716 So.2d 596 (Miss. 1998); *Barnes v. Singing River Hosp. Sys.*, 1999 WL 22325 (Miss. Jan. 21, 1999) (holding the discovery rule tolls the one-year statute of limitations for latent injuries). Thus, the one year statute of limitations would have run against Jackson on November 26, 1997, one-year after her alleged slip and fall.

¶19. Therein lies Jackson's problem. Section 11-46-11(1) specifically requires "that ninety (90) days prior

to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity . . ." Miss. Code Ann. § 11-46-11(1) (Supp. 1998). Her November 12, 1997, Notice of Claim was filed almost a year after the incident-two weeks before the running of the one year statute of limitations. Thus, by filing her complaint first, Jackson has simply reversed the order which statute requires, *i.e.* first the notice of claim and then file suit.

¶20. In *Reaves*, this Court said that a substantially compliant letter of representation sent to the defendant sovereign within 90 days of the alleged injury/ tort could, and did in that case, suffice to meet the requirements of Section 11-46-11(1). *Reaves*, 1998 WL 909578, at \*4. Furthermore, in *Reaves*, this Court stated"[w]hen the simple requirements of the Act have been substantially complied with, jurisdiction will attach for the purposes of the Act." *Id.* Here, the simple requirements of the Act have been met within the one year statute of limitations, albeit in reverse chronological order.

¶21. We note that every court has the discretionary power to stay proceedings before it to ensure that justice is done or to provide for the efficient and economic use of judicial resources. 1 Am. Jur. 2d <u>Actions</u> § 75, at 771 (1994). The grounds for granting a stay vary with the facts of each case, but one recognized ground is to stay proceedings to allow a plaintiff to exhaust his administrative remedies. *Id.* § 76, at 771-72. In *City of Pascagoula v. Tomlinson*, No. 97-CA-00845-SCT, 1999 WL ----- (Miss. 1999), this Court addressed the question of the proper remedy for a failure to comply with the ninety-day waiting period. *Id.* There, we held that the dismissal of the lawsuit is unwarranted in light of substantial compliance, and "the better approach is, instead, for the governmental entity to request that the trial court issue an order staying the lawsuit until such time as the entity has been given the benefit of the applicable waiting period. . . . In cases in which no such stay is requested, however, the issue should properly be considered to have been waived."*Id.* at 8-9.

¶22. The same can be said here. The City Defendants did not request a stay, and we accordingly find that this issue has been waived. Besides, the course of this appeal has granted the City Defendants an effectual waiting period beyond ninety days. Therefore, we reverse the Circuit Court of Prentiss County's grant of summary judgment to the City Defendants and remand this case for further proceedings consistent with this opinion.

**CONCLUSION**

¶23. The trial court granted summary judgment to the City Defendants in reliance upon the strict compliance standard of *Lumpkin* and its progeny. Since the filing of the briefs in this case, this Court has adopted a less stringent substantial compliance standard in analyzing claims brought under the MTCA and overruled *Lumpkin* and its progeny to that extent. *See Carr* and *Reaves*, cited *supra*. Jackson has substantially complied with the simple requirements of the statute. Thus, the judgment of the Circuit Court of Prentiss County is reversed, and this case is remanded for further proceedings consistent with this opinion.

¶24. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, MILLS, WALLER AND COBB, JJ., CONCUR.**

1. The Mississippi Tort Claims Act ("MTCA") provides the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a suit. Miss. Code Ann. § 11-46-7(1) (Supp. 1998); ***Brewer v. Burdette***, No. 97-CA-01016-SCT, 1999 WL 216842, at *2 (Miss. Apr.15, 1999); ***Moore v. Carroll County, Mississippi***, 960 F.Supp. 1084, 1088 (N.D.Miss. 1997)("The remedy provided pursuant to the MTCA is exclusive of any other state law remedy sought against a governmental entity or its employee."). Any tort claim filed against a governmental entity or its employee shall be brought only under the MTCA.

2. At the time pertinent to this action, Section 11-46-11(1) and (2) stated, as follows:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that *ninety (90) days prior* to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity, and, if the governmental entity is participating in a plan administered by the board pursuant to Section 11-46-7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof.

> (2) The notice of claim required by subsection (1) of this section shall be in writing, delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, *including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.*

Miss. Code Ann. § 11-46-11 (1) and (2) (Supp. 1998)(emphasis added). This statute has recently been amended by 1999 Miss. Laws Ch. 469 (HB778), effective March 25, 1999.