## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 1999-CA-00272-SCT

*ROBERT C. JACKSON*

*v.*

*CITY OF WIGGINS, A MISSISSIPPI MUNICIPAL CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/07/1999 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | STONE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS M. MATTHEWS, JR. |
| ATTORNEYS FOR APPELLEE: | REBECCA C. TAYLOR |
| | PATRICK R. BUCHANAN |
| | ALAN K. SUDDUTH |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 03/16/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/6/2000 |

## BEFORE PRATHER, C.J., SMITH AND WALLER, JJ.

## PRATHER, CHIEF JUSTICE, FOR THE COURT:

### STATEMENT OF THE FACTS AND CASE

¶1. On December 25, 1996, Robert C. Jackson ("Jackson") was injured when he fell into a hole which had been dug on his property by employees of the City of Wiggins ("the City"). On October 13, 1997, Jackson sent a notice of claim to the City, alleging that he had suffered injuries resulting from the negligence of the City's employees. Jackson filed suit against the City on December 19, 1997, approximately sixty-seven days after filing his notice of claim. On January 8, 1999, the circuit judge granted the City's motion for summary judgment, finding that Jackson had failed to comply with the ninety-day "waiting period" set forth in Miss. Code Ann. § 11-46-11 (Supp. 1999). Feeling aggrieved, Jackson timely appealed to this Court.

### ISSUE

**Whether the Appellant in filing suit against the City of Wiggins under Mississippi Tort Claims Act before the expiration of 90-days from and after the date of notice requires dismissal of that Complaint under Miss. Code Ann. § 11-46-11.**

¶2. In interpreting the provisions of the Mississippi Tort Claims Act, this Court has adopted a substantial compliance standard, holding that "(w)hen the simple requirements of the Act have been substantially complied with, jurisdiction will attach for the purposes of the Act." *Reaves ex rel. Rouse v. Randall*, 729

So.2d 1237, 1240 (Miss. 1998). *See also*: *Carr v. Town of Shubuta*, 733 So.2d 261 (Miss.1999), *overruling* *City of Jackson v. Lumpkin*, 697 So.2d 1179, 1182 (Miss.1997) and *Carpenter v. Dawson*, 701 So.2d 806, 808 (Miss.1997). The present case requires this Court to consider, once again, the requirement that a plaintiff wait ninety days between providing notice of his claim and filing suit against a governmental entity. Specifically, Miss. Code Ann. § 11-46-11(1) provides in pertinent part that:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

In granting the City's motion for summary judgment, the circuit judge found that:

> Jackson gave the City notice of his claim on October 13, 1997 well within the one year allowed by Miss. Code Ann. § 11-46-11 . . . but Jackson did not wait the 90 days specified be statute; he filed his lawsuit on December 19, 1997, only 67 days after giving notice.

The circuit judge noted that, as of the date of his ruling,[1] this Court had not issued an opinion interpreting the ninety day waiting period, and absent controlling authority, the judge concluded that the City was entitled to a dismissal.

¶3. However, the circuit judge did not have the benefit of this Court's recent decision in *City of Pascagoula v. Tomlinson*, 741 So.2d 224 (Miss. 1999), which is squarely applicable to the facts of the present case. This Court held in *Tomlinson* that:

> [T]he dismissal of a lawsuit based on a failure to comply with the waiting period is a disproportionate remedy and contrary to the purposes of the Legislature in enacting the Tort Claims Act. . . . We conclude that the better approach is, instead, for a governmental entity to request that the trial court issue an order staying the lawsuit until such time as the entity has been given the benefit of the applicable waiting period. The trial courts of this State have the inherent authority to grant such stays, and we direct that such orders be granted as necessary to ensure that a governmental entity is given the benefit of the waiting period. In the event that the trial court finds the requirements of the waiting period to have been violated, the governmental entity should be permitted to recover any expenses (including court costs and attorney's fees) which it incurs in obtaining a stay of the proceedings. . . . . In cases in which no such stay is requested, however, the issue should properly be considered to have been waived.

*Tomlinson*, 741 So.2d at 228-29. Pursuant to *Tomlinson*, the City's sole remedy for Jackson's failure to comply with the ninety-day waiting period was to file a motion to stay the lawsuit, and the City's failure to file such a motion constitutes a waiver of its right to object to Jackson's non-compliance with the waiting period.

¶4. Faced with this adverse authority, the City makes two primary arguments. The City initially argues that this Court should overrule its holdings adopting a substantial compliance scheme and return to the strict compliance scheme which prevailed prior to *Reaves*. This argument is without merit. The substantial compliance scheme of interpreting the Tort Claims Act is now firmly rooted in our jurisprudence, and we

decline the City's invitation to return to a strict compliance scheme.

¶5. Alternatively, the City argues that this Court should not apply our holding in *__Tomlinson__* retroactively to the facts of the present case. Jackson correctly notes however that, as a general rule, "judicially enunciated rules of law are applied retroactively." *Ales v. Ales*, 650 So.2d 482, 484 (Miss. 1995). The City makes no valid arguments as to why this general rule of retroactivity should not be applicable to the present case, and it does not appear that a retroactive application of *__Tomlinson__* would work any undue hardship or unfairness upon the City in the present case. This Court has issued numerous opinions interpreting the provisions of the Tort Claims Act, and we have never indicated that such opinions were only to be applied prospectively.

¶6. The trial court's judgment is accordingly reversed, and this case is remanded for additional proceedings consistent with this opinion

¶7. **REVERSED AND REMANDED.**

**PITTMAN AND BANKS, P.JJ., McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**

1. The circuit judge's ruling was issued on January 8, 1999.