# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-02360-SCT

*UNIVERSITY OF MISSISSIPPI MEDICAL CENTER*

*v.*

*ANGELA EASTERLING AS PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH BENEFICIARY OF WADREANNA QUADASHSEA MAGEE*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/3/2004 |
| TRIAL JUDGE: | HON. BOBBY BURT DELAUGHTER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SENITH C. TIPTON |
| | MELANIE MORANO McQUILLEN |
| ATTORNEYS FOR APPELLEE: | MARY JEANNE GIBSON |
| | EDWARD GIBSON |
| | CHARLES E. GIBSON |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND RENDERED - 04/06/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This case is before this Court on appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi, by the defendant University of Mississippi Medical Center ("UMMC"). UMMC seeks a review of the trial court's order denying its motion for summary judgment. UMMC alleges plaintiff Angela Easterling ("Easterling"), mother and

personal representative of Wadreanna Quadashsea Magee ("Wadreanna"), failed to comply with Miss. Code Ann. Section 11-46-11(1) (Rev. 2002), when Easterling failed to send notice to UMMC ninety days before filing suit. In the alternative, UMMC asserts Easterling failed to provide the appropriate claims within her notice as prescribed under section 11-46-11(2).

¶2. We adhere to our controlling cases of *Davis v. Hoss*, 869 So. 2d 397 (Miss. 2004), and *Wright v. Quesnel*, 876 So. 2d 362 (Miss. 2004), and accordingly find that Easterling failed to follow the ninety-day notice rule which this Court strictly enforces. We reverse the trial court's decision and render in favor of UMMC.

## FACTS

¶3. Wadreanna was born twelve weeks premature on June 26, 2002. Wadreanna died twelve days later and just after UMMC performed an exploratory laparotomy procedure. On July 10, 2002, during an open casket funeral, Easterling saw for the first time what was supposed to be the body of her dead baby. Although the wristband on the infant's wrist identified the body as that of Wadreanna, Easterling insisted the body in the casket was not her daughter. Nevertheless, after her friends convinced Easterling the body was Wadreanna's, Easterling went ahead with the burial.

¶4. Approximately two months later on September 7, 2002, UMMC contacted Easterling and informed her that the infant she buried was not her daughter. Further, UMMC revealed that Wadreanna's body was still in the hospital morgue. During a meeting between the parties, UMMC presented Easterling with pictures of her daughter's body and allowed

2

Easterling to visit the morgue to identify the body. Subsequent to the meeting, UMMC tendered Wadreanna's body to Easterling, who was finally able to bury her daughter.

¶5. With no effort to comply with the statutory notice requirements, Easterling filed suit against UMMC on September 19, 2002. Before service on UMMC, Easterling recognized her failure to comply with Miss. Code Ann. Section 11-46-11. Rather than seeking a Rule 41(a)(1)(i) dismissal, and then complying with the statute, Easterling inexplicably filed a Motion for Extension of Time to Complete Service of Process on January 17, 2003, stating, "Plaintiffs' counsel has not served Defendants because the case is not ripe due to the notice required by § 11-46-11 of the Mississippi Code of 1972, as amended." Easterling elected to file the notice of claim to UMMC on the same day, January 17, 2003. One month later, Easterling served process on UMMC.

¶6. UMMC subsequently filed a Motion for Summary Judgment claiming Easterling failed to comply with section 11-46-11(1), which requires a plaintiff to send a state entity notice of a claim ninety days before filing suit. The trial court denied UMMC's motion and instead, ordered a ninety-day stay in the proceedings to allow UMMC to avail themselves of the opportunity to investigate Easterling's wrongful death and personal injury claims, as well as to negotiate a possible settlement of the claims.

¶7. As a result of the trial court's order, UMMC filed a Motion Requesting Certification for Interlocutory Appeal. The circuit court denied UMMC's motion. UMMC now appeals to this Court from the trial court's order.

3

## STANDARD OF REVIEW

¶8.     This Court reviews summary judgments de novo. *Davis*, 869 So. 2d at 401. Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). "The evidence is viewed in the light most favorable to the party opposing the motion." *Davis*, 869 So. 2d at 401. "If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his favor." *Id*. The moving party bears the burden of demonstrating there is no genuine issue of material fact. *Id*.

## ISSUES

I.     **Whether the Plaintiff Failed to Comply with the Ninety-day Notice Requirement When She Filed Her Complaint More than Four Months Before Issuing Notice to the Defendant**.

II.    **Whether the Plaintiff Failed to Substantially Comply with the Notice Provisions When She Failed to Include Her Medical Malpractice and Wrongful Death Claims in Her Written Notice.**

## DISCUSSION

¶9.     Issue I controls, therefore we need not discuss issue II.

I.     **Whether the Plaintiff Failed to Comply with the Ninety-day Notice Requirement When She Filed Her Complaint More than Four Months Before Issuing Notice to the Defendant**.

4

¶10.    This case deals with a plaintiff's upsetting and alarming ordeal and the harsh results that ensue from the plaintiff's failure to follow proper procedure.  UMMC claims that because Easterling failed to give UMMC notice ninety days before filing her lawsuit, the trial court erred when it denied UMMC's motion for summary judgment.  On the other hand, Easterling claims she substantially complied with the requirement, or, in the alternative, UMMC waived the ninety-day notice period by not requesting a stay.

¶11.    The Mississippi Tort Claims Act ("MTCA") sets forth procedures a claimant must follow in order to assert a claim against a government entity.  The relevant rule states:

> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

§ 11-46-11(1).  Because UMMC is an entity of the state, a claimant is subject to the requirements of the MTCA.  *See* § 11-46-1(j).

¶12.    In the case at bar, Easterling argues she complied with the notice provisions and cites as authority *Jackson v. City of Wiggins*, 760 So. 2d 694 (Miss. 2000),  *City of Pascagoula v. Tomlinson,* 741 So.2d 224 (Miss. 1999), and *Jackson v. City of Booneville*, 738 So. 2d 1241 (Miss. 1999).

¶13.    In *Tomlinson*, the plaintiff did not strictly follow the ninety-day notice requirement when he filed suit two weeks after providing notice of his claim.  *Id*. at 228.  Instead of dismissing the lawsuit, we held the proper remedy was to require the governmental entity to

5

request a stay of the lawsuit. *Id*. This allowed the governmental entity to benefit from the applicable waiting period. *Id*. Should the governmental entity not request a stay, the issue would be considered waived. *Id*. at 229. *See also **Williams v. Clay County***, 861 So. 2d 953, 977 (Miss. 2003); ***Leflore County v. Givens***, 754 So. 2d 1223,1231-32 (Miss. 2000); ***City of Wiggins***, 760 So. 2d at 696; ***Jones ex rel. Jones v. Miss. Sch. for Blind***, 758 So. 2d 428, 429 (Miss. 2000); ***City of Booneville***, 738 So. 2d at 1246;

¶14.    In ***City of Booneville***, 738 So. 2d at 1245, the plaintiff filed her complaint before giving notice to the defendant. Although the plaintiff gave notice and filed her complaint in reverse chronological order of what is required by the MTCA, this Court reaffirmed ***Tomlinson*** and held the proper remedy called for the governmental entity to file a motion to stay the lawsuit in order to benefit from the statutorily-mandated waiting period. *Id*. at 1246.

¶15.    In ***City of Wiggins***, 760 So. 2d at 695, the plaintiff filed notice approximately sixty-seven days before he filed suit. Again, we cited ***Tomlinson*** and held "the City's sole remedy for Jackson's failure to comply with the ninety-day waiting period was to file a motion to stay the lawsuit, and the City's failure to file such a motion constitute[d] a waiver of its right to object to Jackson's non-compliance with the waiting period." *Id*. at 696.

¶16.    However, in 2004, this Court announced in ***Davis***, 869 So. 2d at 402, it was no longer the defendant's duty to request a stay or face a waiver of the ninety days when the plaintiff failed to comply with the statutory notice period, finding that a failure to wait ninety days after giving notice to file a claim was grounds for summary judgment. There, the plaintiff

6

gave notice of his lawsuit on the same day he filed his suit. *Id*. Although this Court held the plaintiff failed to file suit before the MTCA one-year statute of limitations ran, this Court also held the plaintiff failed to comply with the ninety-day notice provision and affirmed the trial court's grant of summary judgment. *Id*.

¶17. Similarly, in *Wright*, 876 So. 2d at 367, this Court held the plaintiff's suit was barred when the plaintiff filed suit after the one-year statute of limitations ran. *Id*. In addition, this court held the plaintiff failed to comply with the statute's notice provisions when the plaintiff gave notice only eleven days before filing her complaint. *Id*. at 366. We stated "[a]llowing a plaintiff to file suit before ninety days have passed since noticing the claim is tantamount to reading out the notice provisions of the MTCA." *Id*. Again, for both the plaintiff's failure to file suit within the statute of limitations, as well as failing to abide by the ninety-day notice requirement, this Court held the plaintiff did not comply with section 11-46-11, and thus affirmed the trial court's entry of summary judgment. *Id*. at 367.

¶18. In the case at bar, UMMC contends both *Davis* and *Wright* are controlling and therefore the trial court erred when it refused to dismiss Easterling's suit for failure to adhere to the interpretation of the ninety-day notice rule as set forth in those cases. There is no doubt the language of *Davis* and *Wright* is in conflict with our prior rulings in which we have called for the defendant to request a stay of the proceedings. Today, this Court is provided an opportunity to clarify the ninety-day notice requirement under the post-1999 section 11-46-11(1).

7

¶19.   Although not explicitly stated in *Davis* and *Wright*, our ruling served to shift the responsibility to correct the plaintiff's failure to follow the ninety-day notice requirement from the defendant to the plaintiff.  Because this Court handed down those cases while litigation was ongoing between the parties in the case at bar, we find UMMC is correct in their argument that *Davis* and *Wright* are controlling.  *See **Thompson v. City of Vicksburg***, 813 So. 2d 717, 721 (Miss. 2002) (retroactive application of judicially articulated rulings applies to cases awaiting trial); *see also **Anderson v. Anderson***, 692 So. 2d 65, 70 (Miss. 1997) (change in the law applied retroactively to the case pending review on appeal).

¶20.   Since its creation in 1993, the MTCA has undergone numerous amendments requiring evolving interpretation by the Mississippi Supreme Court.  When the MTCA was enacted, this Court interpreted the notice of claim requirement under a strict compliance standard; however in early 1999, we began applying a substantial compliance standard to notice of claim. The language of the statute at that time required a plaintiff to file notice of claim before the expiration of the one year statute of limitations, the filing of which tolled the statute of limitations for ninety-five days.  Miss. Code Ann. § 11-46-11 (Supp. 1998).  The first ninety days of this ninety-five days was designated for the benefit of the defendant to investigate and attempt settlement of the claim prior to facing a lawsuit.  *Tomlinson*, 741 So. 2d at 228.  However, the old statute created a limited time frame in which a plaintiff could file a suit and was very difficult to comply with, causing the Court to retreat to the substantial compliance standard.  However, in April of 1999, the Legislature amended Miss. Code Ann.

8

Section 11-46-11 to remedy this concern. *Tomlinson* is distinguished from this case because its holding was based on the pre-1999 legislative amendment to Section 11-46-11, and Easterling's claim is not.

¶21.    This Court finds Easterling failed to comply with the ninety-day notice requirement when she filed suit on September 19, 2002, almost four months before giving notice. Easterling had the option of dismissing her prematurely filed action, properly serving notice of her claim, and then waiting the ninety-day time period, and if Easterling's claims against UMMC were still unresolved, Easterling could properly have filed her action.

¶22.    In order to make it perfectly clear to all that strict compliance is required, as stated in *Davis* and *Wright*, we hereby overrule *Tomlinson* and its progeny, including *Booneville*, *Givens*, *City of Wiggins*, *Mississippi School for Blind*, and *Clay County*,[1] but only as to those cases' analysis of the ninety-day notice requirement. In other words, the rule set forth in *Tomlinson*, that the responsibility falls on the defendant to request a stay of the lawsuit when a plaintiff is not in compliance with the ninety-day notice requirement, is abrogated.

¶23.    We do so today because of our constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation. We also note that our decision today provides consistency. *E.g.*, *Newell v. Jones County*, 731 So. 2d 580, 582 (Miss. 1999) (ten day time limit to file notice of appeal under Miss. Code Ann. section 11-51-75 is both

---

[1] In *Page v. Univ. of S. Miss.*, 878 So. 2d 1003 (Miss. 2004), we overruled *Clay County* as to its application of the one-year statute of limitations in conjunction with the ninety-day notice requirement under section 11-46-11. Thus, *Page* is still good law.

9

mandatory and jurisdictional); *Ivy v. GMAC*, 612 So. 2d 1108, 1116 (Miss. 1992) (citing *Tandy Electronics, Inc. v. Fletcher*, 554 So. 2d 308, 309-312 (Miss. 1989) (thirty-day limit to file notice of appeal to Mississippi's appellate courts is a "'hard-edged, mandatory' rule which this court 'strictly enforces.'"). Since the MTCA's passage in 1993, a considerable amount of time has passed for the legal profession to become aware of the ninety-day notice requirement in section 11-46-11(1). *See* 1993 Miss. Laws 476. The result here, as in *Ivy*, is that the ninety-day notice requirement under section 11-46-11(1) is a "hard-edged, mandatory rule which the Court strictly enforces." *Ivy*, 612 So. 2d at 1116. Accordingly, we find the trial court erred in its ruling regarding this issue.

## CONCLUSION

¶24. We hold the responsibility to comply with the ninety-day notice requirement under Section 11-46-11(1) lies with the plaintiff. After the plaintiff gives notice, he must wait the requisite ninety days before filing suit. Because Easterling failed to comply with the ninety-day waiting period, her case must be dismissed.

¶25. **REVERSED AND RENDERED.**

**WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY GRAVES, J. DIAZ, J., NOT PARTICIPATING.**

**EASLEY, JUSTICE, DISSENTING:**

10

¶26.   I must respectfully dissent with the majority's imposition of a strict compliance standard against Easterling.  I would affirm the trial court's denial of UMMC's motion for summary judgment and affirm the ninety day stay in the proceedings.  This case is unique because UMMC notified Easterling of its egregious mistake.  Therefore, I must disagree with the majority's imposition of a strict compliance standard for the ninety day waiting period for the reasons stated below.

¶27.   Without dispute, this is a horrible and tragic case.  Easterling had to endure the loss of her child; bury a child that was not her own; receive confirmation that UMMC had mistakenly given her the wrong child; and finally have a second burial of her own child.  A pivotal distinction in this case is that UMMC notified Easterling that it had mistakenly given her the wrong dead child.  By informing Easterling of a mistake of this magnitude, there is no question that UMMC would have and should have been bracing itself for a lawsuit.

¶28.    Easterling argues that she substantially complied with the notice requirements of the MTCA and relies upon *City of Booneville* and *City of Wiggins*.  In *City of Booneville* and *City of Wiggins*, this Court held that the claimants substantially complied with the requirements of MTCA § 11-46-11.  In *City of Booneville*, the claimant filed the lawsuit prior to giving notice.  *City of Booneville*, 738 So. 2d at 1241.  Whereas, in *City of Wiggins*, the claimant filed suit sixty-seven days after giving notice.  *City of Wiggins*, 760 So. 2d at 695.

11

¶29. The majority, however, relies upon *Davis* and *Wright* to hold that substantial compliance no longer applies to the ninety day notice requirement of the MTCA. However, the facts of this case are clearly distinguishable from *Davis* and *Wright*.

¶30. The key fact in this case is that UMMC notified Easterling of its mistake. Therefore, it should have been no surprise to UMMC that Easterling would file suit considering that this mistake concerned the mix-up of the bodies of her dead child and another child. By simply notifying Easterling of the mistake, UMMC must have known that the nature of the mistake would bring litigation. UMMC was in essence placing itself on notice and should have been preparing for a lawsuit.

¶31. In *Wright*, this Court affirmed the grant of summary judgment in favor of a doctor and hospital. *Wright*, 876 So. 2d at 364. That case concerned a negligence claim for the failure of proper diagnosis and treatment in the death of an eight month unborn child. *Id*. at 364. Wright filed her complaint eleven days after filing her notice of the claim. *Id*. at 366. In *Davis*, the defendants received notice of the claim on the same day that the lawsuit was filed. *Davis*, 869 So. 2d at 402.

¶32. Both *Wright* and *Davis* concerned allegations of a failure to diagnose the patient. The doctors and hospitals did not notify the claimants of any wrongdoing. Unlike the facts of this case, the medical staff and hospitals did not admit any mistake in *Wright* and *Davis*. Both *Wright* and *Davis* also had underlying one-year statute of limitations problems. Here, Easterling filed her lawsuit less than one year after her daughter's death. These are key

distinctions in these cases. Furthermore, Easterling provided UMMC more notice than the claimants in *Wright* and *Davis*, albeit not ninety days.

¶33. The majority cites that Easterling filed her action in September 2002, prior to giving 90 days notice. This is true; however, Easterling never served the complaint prior to giving UMMC notice of her action. In January 2003, Easterling gave notice to UMMC. Thereafter, Easterling served UMMC with the complaint a month later. As stated before, because of UMMC's disclosure of its mistake and the nature of this case, there should have been no question that Easterling would seek to bring an action against UMMC.

¶34. I believe that the notice provision is to provide medical personnel and facilities time to prepare for litigation. Here, UMMC notified Easterling of its own wrongdoing which was of such a sensitive nature that there would be no question of impending litigation. Surely, the hospital must have considered litigation and liability issues before informing Easterling of the nature of its mistake. Therefore under the facts of this case, I would affirm the trial court's denial of the motion for summary judgment and affirm the ninety day stay.

**GRAVES, J., JOINS THIS OPINION IN PART.**