# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-00753-SCT

*L. RODNEY KNIGHT, KEITH KNIGHT AND*
*CHAD KNIGHT, BEING ALL THE HEIRS AT*
*LAW OF ELJEAN T. KNIGHT, DECEASED*

*v.*

*GREG TERRELL d/b/a TERRELL SECURITY*
*SERVICES AND d/b/a GTS TERRELL SERVICES*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/07/2006 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | STEVEN D. SLADE |
| | JACQUELINE K. THACH |
| ATTORNEY FOR APPELLEE: | LANNY R. PACE |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 07/26/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DIAZ, P.J., CARLSON AND GRAVES, JJ.**

**DIAZ, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This case asks whether a peace officer appointed by a school board to provide security

is immune from suit by virtue of sovereign immunity.

### Facts and Course of Proceedings Below

¶2.     Eljean Knight and her son Keith Knight were both schoolteachers at Heidelberg High

School.  A student began a confrontation with Mrs. Knight.  Her son attempted to intervene,

but at some point Mrs. Knight was pushed or fell to the ground.  The injury she suffered

caused her death.

¶3.     Keith Knight filed suit against the school and others, specifically Greg Terrell, an independent contractor doing business with the school as Terrell Security Services. Knight alleged that Terrell failed in multiple ways to perform his duties, which resulted in the death of Mrs. Knight.

¶4.     Terrell moved for summary judgment, arguing that he was immune from suit by virtue of the Mississippi Tort Claims Act. Miss. Code Ann. § 11-46-1 *et seq*. (Rev. 2002). The trial court granted summary judgment in Terrell's favor, relying solely on an opinion from the Office of the Attorney General that a "school peace officer" was entitled to immunity by virtue of the Mississippi Tort Claims Act. The trial court further determined that Terrell had not acted with reckless disregard. Because Terrell had not acted with reckless disregard, and because he was found to be under the protection of the MTCA, the trial court found that he was immune to suit.

¶5.     The case was dismissed, and Knight appeals to this Court, asserting that Terrell does not enjoy statutory immunity, and in the alternative, that even if the statute applies, it is a jury question whether he acted with reckless disregard. This is a case of first impression.

**Standard of Review**

¶6.     We employ a de novo standard of review when examining the grant or denial of summary judgment. ***Heigle v. Heigle***, 771 So. 2d 341, 345 (Miss. 2000). The evidence will always be viewed in the light most favorable to the party against whom the motion has been made, with the moving party bearing the burden of demonstrating that no genuine issue of fact exists. ***Id.***

2

**Is A Peace Officer Appointed by a School Board Afforded Statutory Immunity?**

¶7. The Legislature allows schools to retain peace officers for the purpose of providing security on school campuses. *See* Miss. Code Ann. § 37-7-321 (Rev. 2001).[1] An accompanying statute grants to these independent contractors the powers of a constable. The authorizing statute reads, in pertinent part:

¶8. The peace officers duly appointed by the school board of any school district are vested with the powers and subjected to the duties of a constable for the purpose of preventing all violations of law on school property within the district, and for preserving order and decorum thereon. The peace officers duly appointed by the school board of any school district are also vested with the powers and subjected to the duties of a constable for the purpose of preventing all violations of law that occur within five hundred (500) feet of any property owned by the school district, if reasonably determined to have a possible impact on the safety of students, faculty or staff of the school district while on said property. Provided, however, that nothing in this section shall be interpreted to require action by any such peace officer appointed by a school district to events occurring outside the boundaries of school property, nor shall any such school district or its employees be liable for any failure to act to any event occurring outside the boundaries of property owned by the school district.

---

[1]The statute reads in pertinent part that:

(1) The school board of any school district within the State of Mississippi, in its discretion, may employ one or more persons as security personnel and may designate such persons as peace officers in or on any property operated for school purposes by such board upon their taking such oath and making such bond as required of a constable of the county in which the school district is situated. (2) Any person employed by a school board as a security guard or school resource officer or in any other position that has the powers of a peace officer must receive a minimum level of basic law enforcement training, as jointly determined and prescribed by the Board on Law Enforcement Officer Standards and Training and the State Board of Education, within two (2) years of the person's initial employment in such position. Upon the failure of any person employed in such position to receive the required training within the designated time, the person may not exercise the powers of a peace officer in or on the property of the school district.

Miss. Code Ann. § 37-7-323 (Rev. 2001). The general responsibilities of a constable are outlined in Miss. Code Ann. § 19-19-5 (Rev. 2003). A constable's duties fall under the title of "police protection" and are generally immune from suit by virtue of Miss. Code Ann. § 11-46-9(1)(c) (Rev. 2002).[2]

¶9.    Generally speaking, independent contractors are not granted immunity under the MTCA. *See* **Estate of Johnson v. Chatelain**, 943 So. 2d 684, 687 (Miss. 2006) ("With few exceptions, independent contractors are excluded from the definition of 'state employee' and therefore do not benefit from the provisions of the sovereign immunity statutes."). Terrell provided no citation to any case in support of his argument that he is immune from suit by virtue of the MTCA, relying only, as the trial court did, on the opinion of the Attorney General that he was immune under statute.

¶10.   In 1999, then-State Superintendent of Education Dr. Richard Thompson asked for clarification from the Office of the Attorney General regarding the immunity of the independent contractors retained as peace officers by schools. In response, the Attorney General offered that:

¶11.   [I]f a school board designates such an off-duty officer as a peace officer pursuant to Miss. Code Ann. Section 37-7-321 and 323, then the school district imbues the security guard with the powers and authority of a constable, which is a law enforcement officer under Miss. Code Ann. Section 19-19-5. As a law

---

[2]"A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury."

enforcement officer, this peace officer would be entitled to certain immunities from some federal and state claims. Additionally, if a security guard is duly appointed to be a peace officer pursuant to Miss. Code Ann. 37-7-321 and 323, then the school district, as part of its statutory law enforcement responsibilities, may enter into an interlocal agreement with other law enforcement entities for the provision of equipment to its peace officer. Nevertheless, it is important to point out that if the acts of the officer are such that he is not granted qualified immunity, the school district faces potential liability for such acts.

1999 Miss. AG LEXIS 201, 1-5 (Miss. AG 1999).

¶12. Terrrell argues that the statute "grants to such a peace officer all of the powers of a constable and imposes on such an officer all of the duties of a constable; consequently, such a peace officer is entitled to any immunities afforded constables." Yet the statute does not contain an express grant of immunity, and it is beyond this Court's authority to write one into the statute where it does not exist *See* ***Univ. of Miss. Med. Center v. Easterling***, 928 So.2d 815, 820 (Miss. 2006) (the Supreme Court has a "constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation"). Unless or until the Legislature expressly crafts the statute to provide constabulary immunity to independent contractors, we will not draft one where it does not exist.

¶13. Accordingly, the trial court erred in finding that Terrell was immune to suit by virtue of the MTCA.

**Conclusion**

¶14. Miss. Code Ann. §§ 37-7-321 and 37-7-323 allow schools to retain independent contractors to work as peace officers on school grounds. However, the Legislature did not provide an express grant of immunity to those independent contractors, and the Court will not create one where it does not exist. We therefore reverse and remand for a trial on the

5

merits.

¶15.    **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. EASLEY, J., CONCURS IN RESULT ONLY.**