# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-01762-SCT

*RUBY LEE*

*v.*

*MEMORIAL HOSPITAL AT GULFPORT*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/2007 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT W. SMITH |
| ATTORNEYS FOR APPELLEE: | PATRICIA K. SIMPSON |
| | FREDRICK B. FEENEY, III |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 12/11/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     In this medical-malpractice case, we consider the application of Section 11-46-11 of the Mississippi Code.  We find the Plaintiff substantially complied with Mississippi Code Section 11-46-11(2) (Rev. 2002).  Therefore, this Court reverses the trial court's grant of summary judgment to the Defendant.

**FACTS AND PROCEEDINGS**

¶2.　Plaintiff Ruby Lee was hospitalized at Memorial Hospital at Gulfport ("MHG")[1] from July 25 through August 23, 2005. On July 26, 2005, Lee underwent a coronary artery bypass graft with closure of the sternum. After the procedure, various MHG employees provided Lee with post-operative care. On August 8, 2005, Lee's physician discovered that Lee had "multiple sternum fractures, devitalized cartilage, and the Robicsek wire reinforcement had completely pulled through the left sternum."

¶3.　Prior to filing a complaint, Lee sent Gary Marchand, chief executive officer of MHG, notice of her claim. Marchand received the notice of claim on July 28, 2006. The notice of claim contained the letterhead and signature of Lee's attorney as well as Lee's name and date of birth. The following was set forth in the notice of claim:

> This letter is to provide notice pursuant to Mississippi law of the claim of Ruby Lee. Ms. Lee was hospitalized at Memorial Hospital at Gulfport from July 25, 2005 to on or about August 23, 2005. During the hospitalization she had a CABG with closure of the sternum by Robicsek wire on July 26, 2005. Her post-op care was rendered by multiple Memorial Hospital at Gulfport employees.
>
> On or about August 8, 2005, due to her deteriorating condition, she was reexamined in the O.R. Findings in the August 8, 2005 surgery include multiple sternum fractures, devitalized cartilage and the Robicsek wire reinforcement had completely pulled through the left sternum. There was one fracture of the right manubrium, one fracture of the right sternal body and three fractures of the left sternal body. The post-operative course was stormy. Medical specials exceed $100,000.

---

[1] Neither party disputes that MHG is a county-owned hospital subject to the provisions of the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to 11-46-23 (Rev. 2002).

2

Patients who are properly cared for do not have multiple sternum fractures and grossly dislocated wire reinforcement. Moreover, timely diagnosis of these findings would have lessened or prevented much of the difficulties experienced post-operatively. The substandard care rendered by Memorial Hospital at Gulfport employees proximately caused and/or was a proximate contributing cause of Ms. Lee's injuries.

Should you have an explanation as to why Memorial Hospital at Gulfport should not be held accountable for these injuries, please advise. If there is no explanation, please pass this letter on to your insurance carrier for response.

Marchand denied Lee's claim by letter dated August 28, 2006. Marchand included the following in the denial letter:

This will acknowledge and thank you for your letter dated July 26, 2006, regarding a potential claim arising out of Memorial Hospital at Gulfport on or about July 25, 2005, with regard to Ruby Lee [sic]

Our review of the matter suggests that the facility did not deviate from the applicable Mississippi standard of care with regard to the facility or staff, and we must respectfully deny that Mrs [sic] Lee has any claim against the facility at this time. Accordingly, the demand proffered in your letter we do not find well taken and we are taking this method to advise that this claim, as stated, is denied.

¶4. Following receipt of the denial, Lee filed a complaint on September 28, 2006, alleging negligence of MHG through the theory of *res ipsa loquitur*. Lee alleged that she was unconscious a majority of her time at MHG; thus, she was unable to verify who cared for her and when her injuries occurred. Lee averred that MHG's negligence caused her to incur "extensive medical bills, extreme pain, suffering, emotional distress and permanent disability."

3

¶5.    On November 16, 2006,[2] MHG moved for summary judgment pursuant to Sections 11-46-11(1) and 11-46-11(2) of the Mississippi Code.  Miss. Code Ann. § 11-46-11(1),(2) (Rev. 2002).  MHG averred that Lee had failed to comply with Section 11-46-11(1) when she filed her complaint less than ninety days from the date Marchand received notice of claim.  MHG also argued that Lee failed to provide information for each of the seven categories required by Section 11-46-11(2).  Miss. Code Ann. § 11-46-11(2) (Rev. 2002).  MHG argued the trial court was required to dismiss the action due to Lee's noncompliance with Section 11-46-11(1) and Section 11-46-11(2).  Additionally, MHG argued the court was without subject matter jurisdiction due to Lee's noncompliance with the statutory provisions.  MHG further argued the cause of action was time barred under the applicable one-year statute of limitations.  *See* Miss. Code Ann. § 11-46-11(3) (Rev. 2002).

¶6.    Lee filed a response to the motion for summary judgment on November 29, 2006.  In her response, Lee argued she was not required to wait the ninety days, since MHG had sent her attorney a letter denying the claim.  Lee also argued the notice of claim substantially complied with Section 11-46-11(2), since the notice provided her name, her date of birth, her attorney's telephone number and address, the dates of her injury, the nature of her injury, the time and place of her injury, and a statement that multiple MHG employees caused her injury.  *See* Miss. Code Ann. § 11-46-11(2) (Rev. 2002).

_____

[2]MHG filed an answer on November 17, 2006.  MHG affirmatively pleaded Lee's failure to provide proper notice pursuant to Section 11-46-11 of the Mississippi Code.  Miss. Code Ann. § 11-46-11 (Rev. 2002).

¶7.   The trial court filed an order granting MHG's motion for summary judgment with findings of fact and conclusions of law on February 13, 2007. The trial court found that Lee had failed to comply with Section 11-46-11(1) and Section 11-46-11(2). Thereafter, Lee filed a motion to reconsider and/or alter and amend order and opinion granting summary judgment, which the trial court denied by order filed September 17, 2007. Lee timely filed a notice of appeal on October 3, 2007. Lee appeals the order granting summary judgment and the order denying the motion to reconsider and/or alter and amend order and opinion granting summary judgment.

## DISCUSSION

¶8.   This Court reviews the application of the Mississippi Tort Claims Act ("MTCA") de novo. *City of Jackson v. Brister*, 838 So. 2d 274, 278 (Miss. 2003). This Court also applies a de novo standard of review to a grant of summary judgment. *Progressive Gulf Ins. Co. v. Dickerson & Bowen, Inc.*, 965 So. 2d 1050, 1052 (Miss. 2007) (citation omitted). Pursuant to Rule 56 of the Mississippi Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). The court views the evidence in the light most favorable to the nonmoving party. *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 817 (Miss. 2006). "The moving party bears the burden of demonstrating there is no genuine issue of material fact." *Id.*

5

## I. Whether Lee Failed to Comply With Section 11-46-11(2) of the Mississippi Code.

¶9. Prior to filing suit against a governmental entity, a claimant must file a notice of claim with that entity. *See* Miss. Code Ann. § 11-46-11(1)-(2) (Rev. 2002). Pursuant to Section 11-46-11 of the Mississippi Code, a notice of claim must be in writing and "delivered in person or by registered or certified mail." Miss. Code Ann. § 11-46-11(2) (Rev. 2002). Every notice of claim must contain the following:

> [A] short and plain statement of the facts upon which a claim is based, *including* the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

*Id.* (emphasis added). This Court requires substantial compliance with the notice requirements of Section 11-46-11(2). ***Reaves ex rel. Rouse v. Randall***, No. 97-CA-00982-SCT, 1999 Miss. LEXIS 151, *11 (Miss. Mar. 26, 1999). This Court also has stated "[w]hen the simple requirements of the [MTCA] have been substantially complied with, jurisdiction will attach for the purposes of the Act." ***Id.*** at *10. Furthermore, "[t]he purpose of the Act is to insure that governmental boards, commissioners, and agencies are informed of claims against them. Such notice encourages entities to take corrective action as soon as possible when necessary; encourages pre-litigation settlement of claims; and encourages more responsibility by these agencies." ***Id.***

¶10. Lee argues the trial judge applied strict compliance to the notice of claim. The trial judge explicitly stated that Lee's notice of claim failed to provide information for all seven

6

categories required by Section 11-11-46(2). The trial court applied *South Central Regional Medical Center v. Guffy*, 930 So. 2d 1252 (Miss. 2006), and found the notice amounted to noncompliance with Section 11-46-11(2).[3]

¶11. After reviewing the notice of claim, this Court finds that Lee substantially complied with the notice requirements of Section 11-46-11(2). First, Lee listed the circumstances which brought about the injury. The circumstances included her hospitalization at MHG for an operation; post-operative care by MHG personnel; and the subsequent discovery of various injuries. Lee also provided the extent of her injuries when she noted "multiple sternum fractures, devitalized cartilage and the Robicsek wire reinforcement had pulled completely pulled through the left sternum." In light of her *res ipsa loquitur* claim, Lee provided sufficient dates of her injury when she informed MHG she had been hospitalized from July 25, 2005, to August 23, 2005, and her injuries were discovered on August 8, 2005. Accordingly, she substantially complied with the statute's requirement that she list "all persons *known* to be involved" by stating multiple MHG employees caused her injuries. This is a *res ipsa loquitur* claim, and Lee set forth in her complaint that she was unconscious a

---

[3]We find the trial court's reliance on *Guffy* to be misplaced. *Guffy* involved non-compliance with Section 11-46-11(2) because the plaintiff failed to provide the defendant with *any* form of notice. *Guffy*, 930 So. 2d at 1255. Conversely, Lee provided MHG written notice of her claim. Furthermore, in dictum, the *Guffy* Court stated that "the failure to provide *any* of the seven statutorily required categories of information falls short of the statutory requirement and amounts to non-compliance with Miss. Code Ann. § 11-46-11(2)." *Id.* at 1258. "[T]his Court has held on more than one occasion that a statement which qualifies as dictum does not have a binding effect." *Collins v. McMurry*, 539 So. 2d 127, 130-31 (Miss. 1989) (citations omitted).

majority of her time at MHG and was unable to verify who cared for her or when the injury occurred. If the identity of these persons is not *known*, obviously Lee was not required to provide their names.

¶12. Furthermore, Lee clearly provided the place of her injury: Memorial Hospital at Gulfport. Lee also stated her medical special damages exceeded $100,000, which we find substantially complies with the statutory requirement concerning notice of money damages sought. Last, the notice of claim contained the letterhead of Lee's attorney, Lee's name, and Lee's date of birth. While Lee did not provide her residence at the time of the injury or at the time of the notice, we find the information provided to be in substantial compliance with the statutory requirements. While there may be some cases in which the claimant's residence is a critical issue, clearly it was not in this case. The address of Lee's counsel was provided, and Lee's date-of-birth and dates of hospitalization were provided for identification purposes. Clearly, MHG was able to identify Lee as a patient and investigate and conduct a "review of the matter" as evidenced by its letter of denial.

¶13. Our holding today should not be interpreted as holding that the required elements do not need to be explicitly stated in the notice of claim. However, we continue to apply a substantial compliance standard to the notice requirements under Section 11-46-11(2). "What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination." ***Carr v. Town of Shubuta***, 733 So. 2d 261, 263 (Miss. 1999). Based on the facts and circumstances of this case, we find the information provided in Lee's letter substantially complied with the statutory requirements of Section 11-46-11(2) and

8

fulfilled the purpose of the statute as set forth in *Reaves ex rel. Rouse v. Randall*, No. 97-CA-00982-SCT, 1999 Miss. LEXIS 151 (Miss. Mar. 26, 1999).

**II.** **Whether Lee Failed To Comply With Section 11-46-11(1) of the Mississippi Code.**

¶14. MHG contends Lee failed to comply with Section 11-46-11(1) when she filed her complaint less than ninety days after providing notice of claim. Miss. Code Ann. § 11-46-11(1) (Rev. 2002). MHG relies on *University of Mississippi Medical Center v. Easterling*, 928 So. 2d 815 (Miss. 2006), to support its argument that the ninety-day-notice provision in Section 11-46-11(1) requires dismissal in this case.

¶15. In *Easterling*, a plaintiff filed a medical-malpractice action against the University of Mississippi Medical Center ("UMMC") without providing any notice of claim. *Easterling*, 928 So. 2d at 816. On appeal, this Court stated the ninety-day-notice requirement is a "'hard-edged, mandatory rule which the Court strictly enforces.'" *Id.* at 820 (quoting *Ivy v. GMAC*, 612 So. 2d 1108, 1116 (Miss. 1992)). This Court found a plaintiff "must wait the requisite ninety days before filing suit" in order to comply with Section 11-46-11(1). *Id.* Because the plaintiff failed to wait the required ninety days, this Court granted summary judgment to UMMC. *Id.*

¶16. This Court does not find *Easterling* analogous to the facts at hand. In *Easterling*, the Court did not have before it the issue of a denial of notice of claim. *Id.* While Section 11-46-11(1) provides a plaintiff must wait ninety days to file a complaint after filing a notice of

9

claim, this section must be read in conjunction with Section 11-46-11(3). Section 11-46-11(3) provides in relevant part:

> [T]he filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations . . . during which time no action may be maintained by the claimant *unless* the claimant has received a notice of denial of claim . . . However, should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity.

Miss. Code Ann. § 11-46-11(3) (Rev. 2002) (emphasis added).

¶17. Based on the plain language of Section 11-46-11(3), Lee could file a complaint once she received notice of denial of the claim. Miss. Code Ann. § 11-46-11(3) (Rev. 2002). In this case, Lee received a notice of denial of claim and then proceeded to file her complaint. Therefore, she committed no error by filing a complaint after receiving notice of denial of claim, but prior to ninety days. This Court finds that a plaintiff may file a complaint without waiting the full ninety days under Section 11-46-11(1) *if* the plaintiff receives a denial of notice of claim pursuant to Section 11-46-11(3).

## CONCLUSION

¶18. This Court reverses the trial court's grant of summary judgment to MHG and remands this case to the trial court for proceedings consistent with this opinion. Lee substantially complied with Section 11-46-11(2) of the Mississippi Code, and she properly filed her complaint after receiving MHG's denial of claim.

¶19. **REVERSED AND REMANDED.**

10

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, GRAVES AND RANDOLPH, JJ., CONCUR. DICKINSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON, J.**

**DICKINSON, JUSTICE, DISSENTING:**

¶20. It is with great respect for the author of the majority, and those who join her, that I write this dissent. This is a difficult case. The law, applied as it is written, would deny an innocent plaintiff her day in court because of the shortcomings and failures of her counsel, who failed to comply with a pre-suit statutory requirement. I therefore pen this dissent as a personal view of what I am constitutionally required to do, and not as a criticism or slander against the majority, whose views are different from mine.

¶21. For reasons they deemed sufficient, a majority of the duly-elected members of the Mississippi Legislature believed it was appropriate and fair to enact legislation requiring that, ninety days prior to filing suit, a Mississippi Tort Claims Act plaintiff must file a notice of claim which includes "the residence of the person making the claim at the time of the injury and at the time of filing the notice." Miss. Code Ann. § 11-46-11(2) (Rev. 2003).

¶22. The salient and narrow question presented by this appeal may be framed as follows: Even though a majority on this Court may think it is unfair and unreasonable to enforce such a seemingly trivial requirement, did the Legislature nevertheless have the right to require it? I think so. The majority disagrees. I therefore respectfully dissent.

**I.**

¶23.    To begin, I must point out that we are not dealing here with a question of whether information provided in response to the requirement is substantial enough. The notice in this case provides nothing at all in response to the address requirement.

¶24.    The majority correctly cites the language of the statute which essentially provides that a suit may not be filed under the MTCA unless the putative plaintiff provides a pre-suit notice that discloses six[4] items of information. Although the plaintiff's counsel in this case did provide a notice, one of the items of information required by the statute was completely ignored. Specifically, the statute includes a clear, unambiguous, unqualified requirement that the notice include *"the residence of the person making the claim at the time of the injury and at the time of filing the notice."* **Id.** In response to this requirement, Ms. Lee's counsel provided neither require address. In other words, compliance was nonexistent, and certainly not "substantial."

¶25.    It is clearly within this Court's province and duty to review information provided in response to a statutory requirement, to determine whether it is substantial enough to be deemed in compliance with the statute. For instance, where (as in this case) a statute requires that a certain address be provided, and an address is provided that includes everything except the zip code, I would agree that the information provided is substantial enough to be deemed in compliance with the statutory requirement. But where (as here) no address is provided,

---

[4]The first category – "[A] short and plain statement of the facts upon which a claim is based, *including* the circumstances which brought about the injury," is considered by some to be two categories. *See* **S. Cen. Reg'l Med. Ctr. v. Guffy**, 930 So. 2d 1252, 1255 (Miss. 2006).

this Court has only two choices: either enforce the requirement, or judicially amend the statute to provide an exception to the requirement to provide the address. The majority chooses the latter; I believe we are constitutionally bound to choose the former.

¶26. It is convenient to the majority's "substantial compliance" fiction that the particular statute in today's case requires six categories of information, allowing the majority to deem response to five out of the six categories close enough. One wonders, though, what the majority would do if the statute required only one category. That is to say, if the statute required only that the addresses be provided, and no addresses were provided, one wonders how the majority would then find "substantial compliance?" What principle of statutory construction provides that, as the number of requirements in a statute increase, the importance of the individual requirements decrease?

**II.**

¶27. I can not subscribe to the theory of "substantial compliance" as used by the majority. The term implies something less than full compliance with a statute's requirements. In my view, judges are without constitutional authority to waive or diminish constitutionally-enacted statutory requirements. Instead, it seems to me that statutory requirements which are not open to interpretation as to quantity or quality – such as the requirement of waiting ninety days before filing suit, or a statute of limitations – must be complied with, and no analysis is needed. Most middle-schoolers know eighty-nine days is not ninety days.

¶28. However, information provided in response to qualitative statutory requirements, such as "a short and plain statement of the facts upon which a claim is based," must be reviewed,

13

and a determination must be made as to whether the provided information is substantial enough to be deemed in compliance with the statutory requirement. Providing substantial information which complies with a statute is a far cry from the majority's "substantial compliance," that is, notice that is less than fully compliant with the statute.

**III.**

¶29. Finally, I am compelled to address the majority's attempt to justify its conclusion on this Court's precedent. In ***South Central Regional Medical Center v. Guffy***, 930 So. 2d 1252 (Miss. 2006), this Court held:

> With respect to the seven required categories of information, the failure to provide any one of the seven categories is failure to comply. Thus, the term "substantial compliance" in this context is rendered meaningless. Either the written notice complied with [the statute] by **disclosing *all* seven required categories** of information, or it did not comply with the statute by failing to disclose all seven required categories of information.

***Id***. at 1258 (emphasis in original). The ***Guffy*** Court went further to state:

> The wording, "substantial compliance" with the requirements of Miss. Code Ann. § 11-46-11(2), contained in many of this Court's opinions regarding the application of Miss. Code Ann. § 11-46-11(2) causes confusion and needs to be addressed by this Court today **in order to provide direction and clarity to the courts and the bar.** [internal citations omitted].

> The confusion has arisen in the discussion of Miss. Code Ann. § 11-46-11(2), as to how much information is required by this Court under each of the seven categories to comply with Miss. Code Ann. § 11-46-11(2). As a practical example, the first category requires notice of the "circumstances which brought about the injury." In order to comply with this requirement, the notice need not disclose every single fact, figure and detail, but rather the substantial details, in order to comply with the requirements of Miss. Code Ann. § 11-46-11(2). **But the failure to provide *any* of the seven statutorily required categories of information falls short of the statutory requirement and amounts to non-compliance** with Miss. Code Ann. § 11-46-11(2). However,

14

where some information in each of the seven required categories is provided, this Court must determine whether the information is "substantial" enough to be in compliance with the statute. If it is, the result is "compliance," not "substantial compliance" with the requirements under Miss. Code Ann. § 11-46-11(2).

*Id.* (emphasis in original).

¶30. The majority recognizes that applying our precedent in *Guffy* would require affirming the trial court. However, the majority attempts to avoid *Guffy* by relegating it to a footnote, and characterizing its holding as mere "dictum." I suppose the members of the "courts and the bar" will develop their own opinions as to whether our holding in *Guffy* is dictum, but I fear (and fully expect) that the next time this Court proclaims that we are providing "direction and clarity to the courts and the bar," we may not be taken as seriously as we once were.

¶31. Furthermore, only six months ago, this Court clearly did not view our holding in *Guffy* as "dictum." In *Parker v. Harrison County Board of Supervisors*, 987 So. 2d 435 (Miss. 2008), this Court analyzed a plaintiff's argument that the contents of two separate letters substantially complied with the notice requirements of Section 11-46-11(2). A majority of this Court, applying *Guffy* as authority, stated that "this Court does not even reach the issue of whether a plaintiff substantially complied with the statute **if all seven categories** of information are not contained in the notice letter." *Id.* at 440 (emphasis added).

¶32. I suppose today's majority tacitly relegates this Court's holding in *Parker* to the same definition of "dictum" it applied to *Guffy*. Thus, today we further provide "direction and

15

clarity to the courts and the bar" by now obscuring the line between our holdings and our dicta.

## CONCLUSION

¶33.    The case before us today presents facts which seem exceedingly unfair to the plaintiff, Ms. Lee.  The temptation is great to join the majority and simply ignore her failure to comply with the pesky statutory requirement of providing her address in the notice.  But I cannot overlook the Legislature's constitutional right to decide which laws are fair, and my constitutional duty to apply the law as it is written.  I simply do not believe I have the right to apply some laws, and ignore others, on a case-by-case basis.  I recognize that this Court has the power to do so – but having the power doesn't mean we have the right; and I will not do it.  For the reasons stated herein, I respectfully dissent.

**CARLSON, J., JOINS THIS OPINION**.