# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00757-COA

**MELISSA K. RUSSELL**                                                    **APPELLANT**

**v.**

**BOONEVILLE POLICE DEPARTMENT**                                          **APPELLEE**

DATE OF JUDGMENT:              04/24/2024
TRIAL JUDGE:                   HON. MICHAEL PAUL MILLS JR.
COURT FROM WHICH APPEALED:     PRENTISS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        MELISSA K. RUSSELL (PRO SE)
ATTORNEYS FOR APPELLEE:        WILTON V. BYARS III
                               JOSEPH MILES FORKS
NATURE OF THE CASE:            CIVIL - TORTS-OTHER THAN PERSONAL
                               INJURY & PROPERTY DAMAGE
DISPOSITION:                   AFFIRMED - 09/16/2025
MOTION FOR REHEARING FILED:

    **BEFORE BARNES, C.J., EMFINGER AND WEDDLE, JJ.**

    **WEDDLE, J., FOR THE COURT:**

¶1.     Acting pro se, Melissa Russell filed a complaint under the Mississippi Tort Claims Act (MTCA) in the Prentiss County Circuit Court against the Booneville Police Department (the Police Department), which is a subsidiary agency of the City of Booneville, Mississippi (the City). Russell amended her complaint, and the City moved to dismiss it due to Russell's failure to comply with statutory notice requirements. After finding that Russell failed to properly serve the City with presuit notice, as required by the MTCA, the circuit court granted the City's motion and dismissed Russell's amended complaint. The circuit court also denied Russell's requests to further amend her complaint and to allow her to proceed in

forma pauperis (IFP).

¶2.     On appeal, Russell alleges several errors.  Because we find that Russell's failure to provide proper presuit notice to the City under the MTCA is dispositive, we decline to address the merits of her other arguments, and we affirm the circuit court's order dismissing Russell's amended complaint and denying her requests to further amend the complaint and to proceed IFP.

**FACTS**

¶3.     Russell's original complaint against the Police Department was in the form of a letter that requested compensatory damages and alleged that the Police Department had committed negligence and unlawful misconduct by failing to perform its responsibilities and duties. Russell also alleged that the Police Department had caused her intentional harm through its recklessness, misconduct, and negligence in failing to fulfill its responsibilities and duties. She therefore sought punitive damages as well, which she claimed were necessary to punish the Police Department and deter similar specific and general misconduct.[1]  The circuit court denied Russell's motion to proceed in forma pauperis (IFP) and ordered her to pay the filing fee for her complaint.  The circuit court sua sponte granted Russell thirty days to file an amended complaint after finding that Russell's initial complaint failed to "satisfy this [c]ourt of jurisdiction, properly state a claim, or otherwise substantially comply with the Mississippi Rules of Civil Procedure."  The circuit court warned Russell that the failure to substantially

---

[1] The claims that Russell asserted in her first complaint were nebulous.  Russell did not state with specificity the date on which the alleged offense or offenses occurred, the exact nature of the alleged claims, or how she suffered damages as a result of the Police Department's alleged inaction.  *See infra* ¶10.

2

comply with the Mississippi Rules of Civil Procedure would result in the dismissal of her claims.

¶4. Eight days after the entry of the circuit court's order, Russell filed a second letter addressed to the circuit court. The circuit court treated Russell's second letter as an amended complaint. In addition to the claims made in her original complaint, Russell contended that she went to the Police Department "to file a report to resolve the issue/incident that falls within [the Police Department's] jurisdiction" and that the Police Department needed to do its job and fulfill its responsibilities and duties. Russell further contended that her claims arose from a request for the Police Department to simply do its job and help resolve "the issue/incident she went in to report."

¶5. A week after filing the second letter with the court, Russell filed a polygraph report and related materials, which showed a polygraph examiner's conclusion of "No Deception Indicated" in Russell's responses to the questions asked. The purported polygraph examination consisted of questions posed to Russell about a bank account with Woodforest National Bank in Booneville. In the materials she provided for her polygraph examination, Russell claimed the bank had made a significant error in her account balance that resulted in the loss of "100 trillion 1 million" dollars. Russell alleged that the bank's error and the loss of her account funds constituted a criminal act. Russell claimed that she suffered further damages when the Police Department failed to take a report from her about the bank's alleged crime. In the two letters that comprised her initial and amended complaints, however, Russell did not mention the subject matter of the police report she desired to file

3

with the Police Department.

¶6.     On December 29, 2023, Russell served process for her amended complaint on Booneville Police Chief Michael Ramey rather than on the Booneville city clerk. *See* Miss. Code Ann. § 11-46-11(2) (Rev. 2019). In addition to serving process on the wrong person, Russell failed to provide the City with presuit notice of her claims, as required by the MTCA. *See* Miss. Code Ann. § 11-46-11(1). As a result, the City moved to dismiss Russell's amended complaint. Russell filed motions seeking to further amend her amended complaint and to reverse the circuit court's prior ruling on her motion to proceed IFP. The circuit court denied Russell's motions and granted the City's motion. After finding that Russell had failed to satisfy the MTCA's presuit notice-of-claim requirements, the circuit court dismissed Russell's amended complaint under Mississippi Rule of Civil Procedure 12(b)(6). Aggrieved, Russell appeals.

## STANDARD OF REVIEW

¶7.     "We review questions of law, including the application of the MTCA . . . , de novo." *Lowe v. Wall Doxey State Park*, 395 So. 3d 420, 422 (¶9) (Miss. Ct. App. 2024) (quoting *Benitez v. Wallace*, 281 So. 3d 1123, 1124 (¶7) (Miss. Ct. App. 2019)). Also relevant to the present appeal, we recognize that

> a motion to dismiss under Rule 12(b)(6) [likewise] raises an issue of law, which is reviewed under a de novo standard. A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. Thus, when considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.

4

*J.D. ex rel. Mingo v. McComb Sch. Dist.*, 347 So. 3d 199, 202 (¶6) (Miss. 2022) (quoting *Moses v. Rankin County*, 285 So. 3d 620, 623 (¶8) (Miss. 2019)).

## DISCUSSION

¶8. Although Russell raises three issues on appeal, we find that her failure to provide presuit notice as required under the MTCA is dispositive. "The MTCA generally waives 'the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities[.]'" *City of Jackson v. Jones*, 393 So. 3d 1002, 1004-05 (¶8) (Miss. 2024) (quoting Miss. Code Ann. § 11-46-5(1) (Rev. 2019)). Immunity is only waived, however, "if a claimant follows certain specific requirements. Otherwise, immunity remains intact." *Id.* at 1005 (¶8).

¶9. One of "the procedures a claimant *must follow* . . . to assert a claim against a governmental entity" includes section 11-46-11's presuit notice requirement. *Id.* at (¶¶8-9). "[A]ny person having a claim against a governmental entity must, at least ninety days before filing suit, 'file a notice of claim with the chief executive officer of the governmental entity.'" *Id.* at (¶9) (quoting Miss. Code Ann. § 11-46-11(1)). If the governmental entity being sued is a municipality, section 11-46-11(2) requires presuit notice to be served upon the city clerk.

¶10. Here, because the Police Department is a subsidiary of the City, section 11-46-11(2) applies. To provide proper notice under section 11-46-11(2)(b), Russell was required to include specific information, such as the circumstances of her injury, the extent of her injury, the time and place of her injury, the names of all persons involved, the amount of damages

sought, and her residence at the time of the injury and at the time of filing the notice. Miss. Code Ann. § 11-46-11(2)(b). In addition, Russell was required to serve the notice either in person or by registered or certified mail. *Id.* Any failure to comply with the presuit notice requirements of section 11-46-11 constitutes a jurisdictional bar to the claim, and no action may be maintained until the claimant receives a notice of denial or the tolling period expires. Miss. Code Ann. § 11-46-11(3).

¶11. Both the Mississippi Supreme Court and this Court have held that strict compliance with the MTCA's presuit notice requirements is necessary. For example, in *University of Mississippi Medical Center v. Easterling*, 928 So. 2d 815, 819-20 (¶¶21-23) (Miss. 2006), the supreme court emphasized that strict compliance with the ninety-day notice requirement is required, regardless of the plaintiff's reasons for failing to provide notice. Similarly, in *Dobbs v. City of Columbus*, 285 So. 3d 1219, 1220-21 (¶1) (Miss. Ct. App. 2019), we affirmed the dismissal of a claim due to the plaintiff's failure to comply with the statutory notice requirements. In so doing, we reiterated "that strict compliance with section 11-46-11 is necessary . . . ." *Id.* In *Esco v. Madison County*, 331 So. 3d 545, 551-52 (¶¶22-23) (Miss. Ct. App. 2021), we affirmed the dismissal of a claim under Mississippi Rule of Civil Procedure 12(b)(6) where the plaintiff failed to provide presuit notice to the proper official, as required by the MTCA. As we recognized in *Esco*, the "statutory use of the term 'shall' when identifying to whom notice is given connotes a mandatory requirement." *Id.* at 551 (¶22). We therefore found that the plaintiff's failure to comply with this notice requirement could not be cured by an amendment to her complaint that did not cure the failure to give

6

proper presuit notice. *Id.* at 552-53 (¶¶25-27). As we stated, "[i]f a complainant is and remains noncompliant with that mandatory provision, the lawsuit must be dismissed." *Id.* at 552 (¶23) (quoting *Burnett v. Hinds Cnty. ex. rel. Bd. of Supervisors*, 313 So. 3d 471, 476-77 (¶14) (Miss. 2020)).

¶12. According to the record before us, Russell neither provided presuit notice ninety days before filing her complaint, as required by section 11-46-11(1), nor provided presuit notice of her claims to the proper official (the Booneville city clerk), as required by 11-46-11(2). We therefore affirm the circuit court's order dismissing Russell's amended complaint for failing to comply with the mandatory requirements of the MTCA. We likewise affirm the circuit court's denial of Russell's attempts to further amend her complaint. Regardless of the content of any amended complaint, Russell could not cure her failure to give proper presuit notice as the MTCA demands.

## CONCLUSION

¶13. Because Russell failed to comply with the MTCA's presuit notice requirements, we affirm the circuit court's order dismissing her amended complaint. We also affirm the circuit court's decision denying Russell's request to further amend the complaint and to proceed IFP.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR.**