989 So.2d 933 (2008)
Marvin BROWN, Appellant
v.
SOUTHWEST MISSISSIPPI REGIONAL MEDICAL CENTER and Jennifer Brown, Appellees.
No. 2006-CA-01947-COA.
Court of Appeals of Mississippi.
January 29, 2008.
Rehearing Denied June 10, 2008.
*934 Suzanne Griggins Keys, Isaac K. Byrd, Jackson, attorneys for appellant.
R. Mark Hodges, Jackson, James P. Streetman, Ridgeland, Mark Johnson Goldberg, Jackson, William Robert Coleman, Matthew Anderson Taylor, for attorneys for appellees.
Before LEE, P.J., IRVING and ROBERTS, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. Marvin Brown visited Southwest Mississippi Regional Medical Center (Southwest) complaining of headaches. After receiving medical treatment he began to experience additional problems that he alleged stemmed from the negligent acts of Southwest and its employees. Brown filed his notice of claim with Southwest and filed his medical malpractice case less than a week later. Southwest filed a motion for summary judgment claiming that the timing of Brown's complaint did not conform to the notice requirements under the Mississippi Tort Claims Act (MTCA). Based upon a change in the supreme court's interpretation of the notice requirements under the MTCA, the Pike County Circuit Court granted Southwest's motion for summary judgment. On appeal, Brown argues that his case should not have been scrutinized under the new notice standard, and by doing so, the trial court violated his constitutional right to due process. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. Brown visited Southwest's emergency room complaining of migraine headaches and related symptoms on March 31, April 4, April 5, and April 7, 2002. During his initial visit, Brown was treated with an intramuscular injection in the area of his right hip/buttocks in an effort to alleviate the pain. Jennifer Brown (Nurse Brown), then a nursing student and currently a co-defendant, administered the shot. Brown alleged that his sciatic nerve was pierced, and consequently, he was permanently injured as a result of Nurse Brown's negligence in administering the injection.
¶ 3. On December 13, 2002, in accordance with the MTCA, Mississippi Code Annotated sections 11-46-1-23 (Supp. 2007), Brown sent a notice of claim to Southwest. Five days later, on December 18, 2002, Brown filed his complaint in the Circuit Court of Pike County against two medical doctors, Nurse Brown and Southwest.[1] *935 Southwest subsequently filed its initial answer on March 3, 2003. Southwest specifically requested dismissal of Brown's complaint based upon, among other defenses, failure to comply with the notice of claim provisions of the MTCA. However, Southwest never filed a motion to dismiss or requested that the matter be stayed based upon the non-compliance with the notice provisions.
¶ 4. In July 2003, at the request of Southwest, the trial court stayed the matter for six months based upon bankruptcy proceedings of Southwest's insurer. Once the stay expired, the case was set for trial in March 2005, but by order dated December 20, 2004, the case was again continued as, among other reasons, the trial judge was leaving the bench. Several months later, with no further activity in the case by any party, Southwest filed its motion for summary judgment on August, 23, 2006. Southwest claimed that it was entitled to summary judgment as a result of Brown's failure to abide by the MTCA's notice provisions. Following Brown's response, a hearing was held in October 2006, and the trial court subsequently granted Southwest's motion for summary judgment. The trial court's judgment was based mainly upon University of Mississippi Medical Center v. Easterling, 928 So.2d 815 (Miss.2006). Following the hearing, Nurse Brown filed her motion for summary judgment on October 27, 2006. Brown filed a motion to reconsider the trial court's grant of Southwest's motion for summary judgment; however, in November 2006, after a hearing, the trial court denied Brown's motion in an order filed on November 2, 2006. In this same order, the trial court also granted Nurse Brown's motion for summary judgment. It is from this order that Brown now appeals.[2]

STANDARD OF REVIEW
¶ 5. As with any grant or denial of summary judgment, we must conduct a de novo review. Jones v. Fluor Daniel Servs. Corp., 959 So.2d 1044, 1046(¶ 9) (Miss. 2007). After considering the evidence in a light most favorable to the non-moving party, if there are no genuine issues of material fact the moving party is entitled to judgment as a matter of law. Id.

ANALYSIS

I. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BASED UPON THE MANDATE OF EASTERLING RATHER THAN THE PRECEDENT IN EFFECT AT THE TIME BROWN INITIATED HIS CAUSE OF ACTION.
¶ 6. The MTCA states, and has stated at all times relevant to this appeal:
After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person *936 shall file a notice of claim with the chief executive officer of the governmental entity.
Miss.Code Ann. § 11-46-11(1) (Rev.2002). At the outset of judicial interpretation of the MTCA the provisions of section 11-46-11 were strictly construed. See Carpenter v. Dawson, 701 So.2d 806, 808(¶ 7) (Miss. 1997). However, at the time Brown filed his complaint, substantial compliance with section 11-46-11(1) was the standard to which plaintiffs were held. Thompson v. City of Vicksburg, 813 So.2d 717, 719(¶ 4) (Miss.2002); City of Pascagoula v. Tomlinson, 741 So.2d 224(¶ 10) (Miss.1999), overruled in part by, Easterling, 928 So.2d at (¶ 22). Under the substantial compliance standard, if a plaintiff filed suit prior to the expiration of the ninety-days notice requirement, the approved procedure was not to dismiss the lawsuit, but to require the defendant "to request that the trial court issue an order staying the lawsuit until such time as the [defendant] has been given the benefit of the applicable waiting period." Tomlinson, 741 So.2d at (¶ 11). If the defendant failed to request a stay, the issue of faulty notice and untimely suit would be deemed waived. Id. With the ruling in Easterling, that process was abolished and strict compliance was again required. Easterling, 928 So.2d at (¶¶ 22, 24). As stated by the Supreme Court in Easterling, "the responsibility to comply with the ninety-day notice requirement under Section 11-46-11(1) lies with the plaintiff. After the plaintiff gives notice, he must wait the requisite ninety days before filing suit." Id. at (¶ 24).
¶ 7. Brown argues that he complied with the law in effect at the time he filed suit; therefore, the trial court erred in granting summary judgment based upon the strict compliance standard espoused in Easterling. However, "decisions of [the supreme court] are presumed to have retroactive effect unless otherwise specified." Miss. Transp. Comm'n v. Ronald Adams Contractor, Inc., 753 So.2d 1077(¶ 54) (Miss.2000). That is, unless specifically stated otherwise, court rulings will have retroactive effect on cases awaiting trial. Thompson, 813 So.2d at (¶ 16). In Easterling the supreme court made no such proclamation restricting its ruling to prospective application only. Therefore, we find that Easterling applies to Brown's lawsuit. At the time Easterling was handed down, Brown's case was still pending in the trial court.
¶ 8. Brown further argues that the facts of this case are distinguishable from those of Easterling. In Easterling, the plaintiff filed suit against the University of Mississippi Medical Center (UMMC) on September 19, 2002, but failed to file any notice. Easterling, 928 So.2d at (¶ 5). However, prior to service of process on UMMC, Easterling identified the deficiency and filed not only a motion for an extension of time to complete service but the requisite notice as well. Id. Easterling served UMMC one month later, and UMMC subsequently filed a motion for summary judgment claiming Easterling failed to comply with section 11-46-11(1). Id. at (¶¶ 5-6). The trial court denied UMMC's motion; however, it ordered a ninety-day stay in the proceedings. Id. at (¶ 6). Brown contends that the strict compliance standard re-established in Easterling only applies in those cases in which there has been no compliance with the ninety-day notice requirement. We do not agree. It is apparent that Easterling's strict compliance standard is meant to apply equally to cases in which no notice is filed, notice is filed after the complaint, or the complaint is filed sooner than ninety days after filing notice. In so finding, we not only look to the facts of Easterling but also the facts of those cases it explicitly *937 overruled. See Jackson v. City of Wiggins, 760 So.2d 694 (¶¶ 1-2); Tomlinson, 741 So.2d at (¶¶ 7, 10-11); Jackson v. City of Booneville, 738 So.2d 1241 (¶¶ 8, 22-23) (Miss.1999). Therefore, this argument is without merit.
¶ 9. Brown next argues that Southwest waived any defense it had regarding his failure to comply with the notice requirements of section 11-46-11(1) when it failed to file a motion for a stay in the proceedings as a result of Brown's untimely complaint. As with his previous argument, such an argument presumes this Court was operating under pre-Easterling precedent. However, given the retroactive nature of the ruling by the Easterling court, the issue of whether Southwest waived the defense and the effect of any such waiver is moot. This Court has no choice but to apply the current law to the less-than-current facts surrounding Brown's suit. Therefore, we only look to whether Brown strictly complied with the provisions of section 11-46-11(1). Because Brown failed to comply with the ninety-day waiting period, his case must be dismissed. See, Easterling, 928 So.2d at (¶ 24). This issue is without merit.

II. WHETHER THE RETROACTIVE APPLICATION OF EASTERLING DENIED BROWN OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS.
¶ 10. Brown's final argument is that he was unconstitutionally deprived of his right to due process of law when his case was dismissed as a result of retroactive application of Easterling. First, Brown argues that his right to sue Southwest is a protected property interest. This is not an accurate statement of the law. This Court held:
"A due process violation requires that the party be deprived of a protected property interest." Mohundro [v. Alcorn County], 675 So.2d [848] at 852 (citing Tucker v. Hinds County, 558 So.2d 869, 873 (Miss.1990)). A plaintiff has no property interest in the right to sue a governmental entity. Mohundro, 675 So.2d at 852. Such an interest can only be granted by the legislature, but in this state, "[t]he legislature has continued to withhold such a right." Id.

Overstreet v. George County Sch. Dist., 741 So.2d 965, 971 (Miss.Ct.App.1999).[3] Therefore, Brown's argument is without merit.
¶ 11. Secondly, Brown argues that this Court should identify an equitable exception to the rule of retroactivity and cites Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) in support. In Huson, the Supreme Court noted three factors that should be considered when determining whether to apply a holding retroactively. Huson, 404 U.S. at 106, 92 S.Ct. 349. These include whether: (1) the decision established a new principle of law, (2) the effect of retroactive application and (3) any inequity that would result. Id. at 106-07, 92 S.Ct. 349. However, as the supreme court in Ronald Adams Contractor identified, this rational was significantly limited in James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). Ronald Adams Contractor, 753 So.2d at (¶ 56). Where the new rule of law is applied in a case, which pronounces the new law, the Huson rationale *938 does not allow the court to return to the previous rule of law for cases initiated before its pronouncement. Id. (citing James B. Beam, 501 U.S. at 538, 111 S.Ct. 2439). "Similarly situated litigants should be treated the same both in the criminal context and in the civil context, and ... substantive law will not `shift and spring' on the particular equities of a particular case." Id. (quoting James B. Beam, 501 U.S. at 540, 111 S.Ct. 2439).
¶ 12. In Easterling, the supreme court applied the strict compliance standard to the facts and litigants before it in what amounted to an arguably equal procedural harshness as Easterling's holding forces this Court to make today. Nonetheless, as identified in Ronald Adams Contractor, this Court "may not now selectively apply that holding." 753 So.2d at (¶ 57). We can hold Brown to no less than the standard applied to Easterling, who also initiated her complaint while substantial compliance was the procedural hurdle litigants were expected to overcome. Brown's compliance with section 11-46-11(1) must have been to the letter of the law. It was not. We find this issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, ISHEE AND CARLTON, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE OPINION. BARNES, J., NOT PARTICIPATING.
NOTES
[1] Although named on the complaint, neither doctor was ever served with process. Consequently, they never entered an appearance in this case.
[2] We note that at no time throughout this cause of action did Brown question Nurse Brown's status as an employee of Southwest or whether she was acting within the scope of her employment at the time she administered the shot on March 31, 2002. As such, with regard to the immunity from personal liability Nurse Brown enjoys pursuant to section 11-46-7, our analysis will exclusively reference Southwest.
[3] Overstreet involved the issue of whether statutorily requiring a monetary demand within a period of one year following an accident where the appellant had not yet reached maximum medical improvement was an unconstitutional denial of the right to due process under the MTCA; however, it is nonetheless instructive on the constitutional status of all claims brought under the MTCA.