ROBERTS, J.,
for the Court.
¶ 1. Janice Weary filed a complaint against the University of Mississippi Medical Center (UMC) and Dr. Roger Blake in the Circuit Court of Hinds County on September 14, 2005, alleging that a foreign object was left inside her during a surgical procedure performed on or about December 3, 2001. UMC filed its motion for summary judgment on November 16, 2007, arguing that Weary’s claim was subject to the Mississippi Tort Claims Act’s (MTCA) one-year statute of limitations, and that pursuant to the Mississippi Supreme Court’s decision in Caves v. Yarbrough, 2006-CA-01857-SCT (Miss. Nov. 1, 2007), there was no discovery rule applicable to the MTCA’s statute of limitations. UMC argued that Weary had filed her complaint outside the limitations period as set forth in Mississippi Code Annotated section 11-46-11 (Rev.2002). Appropriately, following the applicable law, the trial court granted UMC’s motion for summary judgment, and Dr. Blake was dismissed from the suit because he was not served with process within 120 days after filing the complaint as mandated by Mississippi Rule of Civil Procedure 4(h). Weary did not show good cause for such failure.
¶ 2. Six months after the trial court’s grant of summary judgment in favor of UMC, the supreme court reheard Caves v. Yarbrough,[1] withdrew its earlier opinion, and ruled that there is a discovery rule applicable to the MTCA’s statute of limitations. UMC now agrees that Caves v. Yarbrough, 991 So.2d 142 (Miss.2008), the most recent Caves decision, favors reversal of the judgment entered in its favor. Pursuant to the supreme court’s most recent ruling in Caves, we reverse the judgment of the circuit court and remand this case for the court to consider when Weary, by exercise of reasonable diligence, did or should have known of her alleged injury and the acts or omissions.
FACTS AND PROCEDURAL HISTORY
¶ 3. On or about December 4, 2001, Weary underwent surgery for a gastric bypass and removal of her gallbladder at UMC. The surgery was performed by Dr. Blake. Subsequent to the surgery, in early 2004, Weary was treated by Dr. Hanse Janet of the Coastal Family Health Center. While under Dr. Janet’s care, Weary’s enzyme levels became elevated.
¶ 4. Dr. Janet ordered tests to determine the source of the problem. A medical test performed on March 17, 2004, revealed that Weary had what was suspected to be a foreign object in her body. It was suspected that the foreign object *637 was a lap pad from a prior surgery, and the test revealed that she possibly had an abscess. On March 26, 2004, Weary was directed to return to UMC for additional testing to be done by a surgeon to confirm whether there actually was a foreign object inside her body. Weary declined to return to UMC, and sought treatment from Dr. Dorothy Gillespie. Dr. Gillespie determined that there was a foreign object within Weary, and it was most likely left from a prior surgery: Weary’s last surgery was performed by Dr. Blake. Weary underwent another surgery to remove the foreign object, and it was confirmed that it was a lap pad that had been packed into a body cavity.
¶ 5. Weary sent a notice of claims to Dr. Blake, UMC, and all known defendants on March 11, 2005, and she filed her complaint on September 14, 2005. UMC answered Weary’s complaint on December 22, 2005, and asserted an affirmative defense stating, “claims against this Defendant are barred by applicable statute[ ] of limitation[s].” Likewise, UMC filed its motion for summary judgment on November 16, 2007, arguing the same: Weary’s claim was subject to the MTCA’s one-year statute of limitations; she filed her complaint well outside the one-year statute of limitations, and consequently, it should be barred.
¶ 6. Dr. Blake was never served with process. He made a special appearance and filed his motion to dismiss or, alternatively, for summary judgment on November 16, 2007. Dr. Blake argued that: he had not been served with process within the time limit provided by Rule 4(h) of the Mississippi Rules of Civil Procedure; he was immune from personal liability under the MTCA; and he enjoyed the same statute-of-limitations argument as that offered by UMC. The circuit court granted UMC’s motion for summary judgment on March 13, 2008, and dismissed Dr. Blake from the suit for Weary’s failure to serve process on him. Weary timely filed a motion for reconsideration or, in the alternative, for a new trial on March 13, 2008. All motions were denied by the circuit court. Aggrieved by the circuit court’s rulings, Weary appeals, but Weary does not contest the dismissal of Dr. Blake.[2]
STANDARD OF REVIEW
¶ 7. “A trial court ‘shall’ grant summary judgment where ‘the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ” Caves, 991 So.2d at 146(¶ 14) (quoting M.R.C.P. 56(c)). “[T]he application of a statute of limitations is a question of law, which [the appellate court] reviews de novo.” Id. at (¶ 15) (citation omitted).
ANALYSIS
¶ 8. Certainly, it is a rare day when an appellant and appellee are in basic agreement on appeal, but this is such a day. In its brief to this Court, UMC denies that the circuit court erred when it granted its motion for summary judgment, but it acknowledges that the opinion set forth by the supreme court in “Caves v. Yarbrough, on rehearing, 991 So.2d 142 (Miss.2008), dictates that the judgment in favor of UMC should be reversed[,] and the case against UMC remanded to the circuit court, as the circuit court had no opportunity to consider when Weary, by exercise of reasonable diligence, should have known *638 of her alleged injury and the acts or omissions which caused the injury.” We agree.
¶ 9. The circuit judge relied upon the supreme court’s ruling in Caves I wherein the supreme court overruled its pnor cases in which it had incorporated a discovery rule into the MTCA.[3] However, on rehearing, the supreme court reversed its holding in Caves I, stating:
[B]y reenacting Section 11-46-11(3) without addressing or countermanding this Court’s decision in Barnes [v. Singing River Hospital Systems, 733 So.2d 199 (Miss.1999) ], the Legislature acquiesced and tacitly approved and incorporated into the statute a discovery rule as announced in Barnes. Pursuant to the doctrine of stare decisis, we therefore shall continue to recognize a discovery rule with respect to Section 11-46-11(3).
Caves, 991 So.2d at 154(¶ 47) (emphasis added). The supreme court went on to state that “the limitations period for MTCA claims does not begin to run until all the elements of a tort exist, and the claimant knows or, in the exercise of reasonable diligence, should know of both the injury and the act or omission which caused it.” Id. at 155(¶ 53).
¶ 10. In his order granting UMC’s motion for summary judgment, the circuit judge specifically relied upon the supreme court’s decision of Caves I and correctly determined that it applied retroactively to Weary’s claim. “[Decisions of the supreme court are presumed to have retroactive effect unless otherwise specified.” Brown v. Sw. Miss. Reg’l Med. Ctr., 989 So.2d 933, 936(¶ 7) (Miss.Ct.App.2008) (citing Miss. Transp. Comm’n v. Ronald Adams Contractor, Inc., 753 So.2d 1077, 1093(¶ 54) (Miss.2000)). We find no error in the circuit judge’s ruling.
¶ 11. However, since Caves II revives the discovery rule and mandates that the MTCA’s one-year statute of limitations begins to run when the claimant knows, or by exercise of reasonable diligence should know, of both the damage or injury, the operative question is whether statutory notice was provided within a year next following the earliest date Weary, by exercise of reasonable diligence, should have known of the injury and the acts or omission which caused them. Caves, 991 So.2d at 155-56 (¶¶ 54-56). “Whether the plaintiff knew about the injury has typically been reserved as a jury question.” PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 50(¶ 10) (Miss.2005) (citations omitted). Therefore, we reverse the judgment of the circuit court and remand this case to give the court an opportunity to determine if Weary’s claim was timely brought in accordance with the supreme court’s holding in Caves II.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED, AND THE CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPEL-LEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.

. See Caves v. Yarbrough, 991 So.2d 142 (Miss.2008). Throughout the remainder of this opinion, we will refer to the Caves cases as Caves I and Caves II.

. Although Weary withdrew her assertion that the circuit court erred in granting Dr. Blake's motion for summary judgment, we note that a trial court does not abuse its discretion in dismissing a claimant’s complaint for failure to serve process within 120 days in accordance with Rule 4(h). Perry v. Andy, 858 So.2d 143, 149(¶ 24) (Miss.2003).

. Prior to Caves I, the supreme court had stated: "We choose to incorporate a discovery rule in actions brought under the MTCA involving latent injuries. Particularly considering the short, one-year statute of limitations period in § 11-46-11(3), we find that justice is best served by applying a discovery standard to such cases.” Caves, 991 So.2d at 154(¶ 44) (citing Barnes v. Singing River Hosp. Sys., 733 So.2d 199, 205(¶ 20) (Miss.1999)).